Arnold L. Fein, J.
Defendant moves for an order requiring the District Attorney to furnish defendant or his counsel with “ any and all favorable and exculpatory evidence including but not limited to a ‘ brown paper bag ’ and its contents, $2,400 in currency which were in the possession custody or control of the prosecution and the existence of which is known or by the exercise of reasonable diligence should become known to the prosecution and upon failure to produce such evidence to dismiss the indictment ”.
Defendant’s conviction for (1) feloniously selling a narcotic drug; (2) feloniously possessing a narcotic drug with intent to sell; and (3) feloniously possessing a narcotic drug was reversed by the Appellate Division and a new trial ordered (31 A D 2d 180) upon the ground that the jury was permitted *679 to listen to certain tape recordings which the Appellate Division found to he inaudible and therefore inadmissible as a matter of law. The present motion relates to the new trial.
During the first trial and the hearing on the prior motion to suppress, there was testimony that one Richard Lawrence, a police informer, had purchased a quantity of heroin from the defendant for the sum of $2,400 in cash, allegedly belonging to Lawrence. There was substantial testimony as to the source of the currency, its ownership, its makeup and how it was packaged. In substance, the testimony was to the effect that it consisted of old, unmarked currency, the serial numbers of which had not been recorded and that $1,700 or $1,800 was in singles and the balance in $10 bills.
Lawrence' testified that the currency was divided into three or four packages, all of which was put into a brown paper bag in which condition Lawrence allegedly gave it to defendant in payment for the heroin. Although there is some dispute in the testimony, it is substantially to the effect that after defendant’s arrest the detective in charge of the case took the money from defendant and gave it to Lawrence, apparently in violation of the rules and regulations of the police department. Lawrence testified that, between that time and the time of the trial, he had spent the money, and destroyed the paper bag. Accordingly, neither was produced at the trial.
There was a great deal of testimony, direct and cross, as to the source of the money, how it was wrapped and delivered, how and5 when it was returned to Lawrence, and by whom. At the instance of defense counsel, on cross-examination, Lawrence was required to perform an experiment in an endeavor to demonstrate how that quantity of money had been placed in a paper bag of the size alleged by Lawrence. The trial record indicates that the bag split during the experiment.
Defendant now moves that the prosecution be required to produce, as evidence, the actual money and the brown paper bag allegedly delivered by Lawrence to the defendant, and upon failure to do so, to dismiss the indictment upon the ground that such evidence is exculpatory and the failure of the prosecution to produce it requires dismissal.
The prosecution concedes that if the paper bag and the $2,400 were in existence and in the possession of the District Attorney, they would be discoverable prior to defendant’s second trial. There is no evidence before the court to show that either item is now in existence. Accordingly, there is no question of concealment or nondisclosure of exculpatory evidence. It is now *680 beyond dispute that the prosecution is required to produce, make available or make known the existence of physical or other evidence which may be exculpatory. (Brady v. Maryland, 373 U. S. 83; People v. Savvides, 1 N Y 2d 554; Miller v. Pate, 386 U. S. 1; Barbee v. Warden, Maryland Penetentiary, 331 F. 2d 842.) It is not for the prosecution, but rather for the defendant or the court to determine whether the evidence may be exculpatory. (People v. Matera, 52 Misc 2d 674; People v. Whitmore, 45 Misc 2d 506; Barbee v. Warden, Maryland Penitentiary, supra; Ellis v. United States, 345 F. 2d 961; United States ex rel. Meers v. Wilkins, 326 F. 2d 135; United States ex rel. Butler v. Maroney, 319 F. 2d 622, 627.) However, nothing in these and similar cases authorizes a dismissal of the indictment where it is clear that the evidence sought is no longer in existence.
Whether a conviction can be had in the absence of such evidence is not now before the court. That will be a matter for trial. It is not without significance that the same situation existed upon the first trial. It does not appear whether the question was considered by the Appellate Division. However, the reversal was not on that ground.
This is not a case of suppression or withholding of exculpatory evidence. The record is clear, up to this point, that the evidence does not exist. Its absence under such circumstances does not warrant dismissal of the indictment or a holding that defendant will be denied a fair trial if the evidence is not produced.
The People agree and the court directs that should it appear between now and the time of trial that the currency and the bag exist, they are promptly to be made available to the defendant.
Accordingly, the motion is in all other respects denied.