**Henry James LEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1715.**

Supreme Court of Alaska.

July 9, 1973.

Herbert D. Soll, Public Defender, Larry Kulik and Susan Burke, Asst. Public Defenders, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, and BOOCHEVER, JJ.

## OPINION

ERWIN, Justice.

This is an appeal from a conviction and subsequent sentence of four years for possession of the narcotic drug, heroin. This case arose August 6, 1971, when police of-ficers arrested appellant at his home pursuant to a warrant and searched his clothing prior to removing him to the state jail. The search of his pants pockets revealed four balloons, including three which contained a residue of white powder. Chemical analysis determined that the residue of powder contained in one balloon was heroin.

Appellant alleges the trial court committed error in admitting the laboratory analysis of the material found in one balloon in evidence at his trial on the grounds the entire amount found in the balloon was used in analysis and therefore he was denied due process of law because he was deprived of independent examination of this substance. He further urges that the trial court erred in failing to instruct the jury that they must find recent possession of a usable quantity of a narcotic drug before they could convict him of unlawful possession of such drug.

We find that due process of law does not require that the defendant be permitted independent expert examination of evidence in the possession of the prosecution before such evidence is introduced at the trial.[1] Under normal practices Criminal Rule 16 envisions the discovery of such evidence. In those cases where expert analysis exhausts the substance there is clearly no error in the admission of evidence regarding the analysis in the absence of allegations and proof of deliberate destruction,[2] or deliberate attempts to avoid discovery of evidence beneficial to the defense.[3] Both the aforementioned factors are conceded by appellant to be inapplicable to the case at bar.

The concept of due process of law in the trial of a criminal defendant apart from trials conducted in violation of ex-

1. United States v. Augenblick, 393 U.S. 348, 356, 89 S.Ct. 528, 21 L.Ed.2d 537, 545 (1969).

2. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215, 218 (1963).

3. United States v. Bryant, 439 F.2d 642, 651 (D.C.Cir.1971).

press constitutional mandates is violated "only where the barriers and safeguards are so relaxed or forgotten . . . that the proceeding is more a spectacle . . . or trial by ordeal . . . than a disciplined contest."[4] There is no indication in this case of such problems. This case was conducted with commendable speed in complete compliance with normal rules of court. It is apparent that the alleged problem might have been further minimized if appellant had secured expert examination of the contents of two of the remaining balloons which still contained a residue of powder even at the time they were introduced in evidence at the trial of this case.

 The contention of appellant that he could not be convicted of unlawful possession of a narcotic drug unless a usable quantity of the drug was found was discussed and rejected in Judd v. State,[5] where this court specifically stated:

> We find that the purpose of the Alaska Narcotic Drug Act is to deter improper traffic in narcotic drugs by making it illegal to knowingly possess certain drugs. Where the facts of a case show knowing possession of illegal drugs, it is unnecessary that a usable quantity be found so long as a sufficient quantity of the drug is found to permit proper identification. If all of the evidence in the case, taken together, supports the jury's

findings of knowing possession beyond a reasonable doubt, the conviction is proper.[6]

Since the instruction given in the case at bar was taken from this language in *Judd,* we find no error by the trial court in refusing appellant's requested instructions.[7]

The judgment and conviction is affirmed.

FITZGERALD, J., not participating.

RABINOWITZ, C. J., and CONNOR, J., dissenting individually.

RABINOWITZ, Chief Justice (dissenting).

For the reasons discussed in my separate opinion in Judd v. State, 482 P.2d 773, 280–283 (Alaska 1971) I conclude that appellant should be granted a new trial. The crux of my disagreement with the court's opinion is the holding that in the case at bar the prosecution did not have to prove appellant knowingly possessed a useable quantity of a prohibited drug. In my view the prosecution had the burden of proving beyond a reasonable doubt, under the statute in question, that appellant knowingly possessed a useable quantity of the prohibited drug.[1]

CONNOR, Justice (dissenting).

In my opinion the judgment of acquittal should have been granted.

4. United States v. Augenblick, 393 U.S. 348, 356, 89 S.Ct. 528, 534, 21 L.Ed.2d 537, 545 (1969) (citations omitted).

5. 482 P.2d 273 (Alaska 1971).

6. *Id.* at p. 280 (footnote omitted).

7. It is appropriate to note that the quantity of a narcotic drug in possession of a defendant is relevant to the inquiry of whether under all the facts and circumstances of a case the defendant knowingly possessed narcotic drugs. In the case at bar there is evidence of knowing possession. Investigator Jones, an experienced narcotics enforcement officer, testified that during the year or two prior to trial, toy balloons were used to package heroin at the street level in about 85 percent of cases coming to his attention. Agent Wood testified similarly, and also stated that capsules were used for the same purpose. Several balloons and a quantity of unidentified capsules were found on the defendant at the time of this arrest. Two of the balloons still contained an unanalyzed residue of white powder at the time of the trial.

1. I agree that it is not essential for conviction that the prosecution prove that the accused was found in knowing possession of a useable quantity of the prohibited drug. What is necessary is proof of a sufficient quantity of the prohibited drug to permit proper identification and other evidence which permits the jury to find that the accused knowingly possessed a useable quantity of the prohibited drug.

In Judd v. State, 482 P.2d 273, 280 (Alaska 1971), this Court held that,

"Where the facts of a case show knowing possession of illegal drugs, it is unnecessary that a usable quantity be found so long as a sufficient quantity of the drug is found to permit proper identification."

I joined the majority in *Judd* because the circumstantial evidence in that case proved overwhelmingly that the defendant had recent and knowing possession of the prohibited drug. *See* 482 P.2d at 279 n. 14. By contrast, the facts of this case are quite different.

Here the evidence shows only that the defendant possessed a balloon with a powdery material in it. The chemist who analyzed the powdery material concluded that it contained heroin. He did not weigh the powder in the balloon, finding it insufficient to be weighed. He did estimate, however, that the amount of power would have been less than one milligram.

The question in such cases is not whether a usable quantity of the drug is found. Rather it is whether the prohibited substance is present in such form and amount that knowledge of its presence can fairly be imputed to the one charged with possession. People v. Aguilar, 223 Cal.App.2d 119, 35 Cal.Rptr. 516 (1963). Small and unusable traces, together with other evidence, may well suffice to support a conviction. That was the case in Judd v. State, *supra*. But a forensic chemist's isolating merely an immeasurable trace of the material in articles possessed by the defendant should not *ipso facto* support a conviction.

As laboratory techniques improve, it will undoubtedly become possible to detect the presence of a substance from increasingly small amounts of sample material. In the case at bar the sample material was *estimated* at less than one milligram. One milligram is approximately 1/28,571ths of an ounce or, expressed decimally, about .000035 ounces. The evidence adduced at trial did not reveal even how much of this sample material was heroin and how much was some other substance.

At some point a line must be drawn. I do not believe that from evidence such as this we can reasonably infer that the defendant had awareness or knowledge of the presence of a narcotic drug within the balloon found in his possession.

Accordingly, I would reverse the conviction.