291 So.2d 723 (1974)
Jim POOLE
v.
STATE of Mississippi.
No. 47747.
Supreme Court of Mississippi.
March 11, 1974.
Rehearing Denied April 8, 1974.
*724 Albert S. Johnston, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Jim Poole was convicted in the Circuit Court of Jackson County of selling lysergic acid diethylamide (LSD) and sentenced to ten years in the penitentiary.
Defendant sold one tablet of LSD to an agent of the Bureau of Narcotics. The agent took the tablet to the Mississippi State Crime Laboratory where it was scientifically tested and determined to be LSD. Miss Harriet Pfaffman, who made the original examination of one-half of the tablet on July 28, 1972, about six days after the tablet was sold to the agent, thereafter consulted with Dr. Arthur S. Hume, the Director of the Crime Laboratory. Dr. Hume suggested that Miss Pfaffman use the remainder of the tablet for analysis, because they "judged it necessary to analyze the other half for any other drugs, such as mescaline or drugs that are quite frequently found mixed with LSD." There was no proof that the remaining half of the tablet was consumed in the laboratory analysis in order to deprive the defendant of the opportunity to have his own chemist examine the evidence. At the time of the examination of the evidence, the defendant had not been arrested and charged with selling LSD.
The defendant was arrested some months after the completion of the laboratory examination of the tablet in question, and upon being indicted, he moved the court to direct the state to furnish him sufficient quantities of the substance alleged to be LSD for the purpose of making an independent chemical analysis of the tablet. Since the entire tablet had been consumed in the laboratory test and there could be no compliance with defendant's motion, he moved the court for a dismissal.
*725 The sole question is whether the trial court erred in not granting the dismissal because the entire tablet had been consumed in the process of the state's analysis. The stated question has several points of inquiry.
1. Defendant relies on section 41-29-154, Mississippi Code Annotated (Supp. 1973), which provides:
Any controlled substance seized under the authority of this article or any other law of Mississippi or of the United States, may be destroyed, adulterated and disposed of or otherwise rendered harmless and disposed of, upon written authorization of, and in the discretion of the director, after such substance has served its usefulness as evidence or after such substance is no longer useful for training or demonstration purposes.
Defendant argues that the LSD was destroyed before it served its usefulness as evidence, i.e., before defendant could have it analyzed for his own evidentiary purposes.
We find no merit in this argument. The purpose of this statute was to authorize the state to destroy drugs intentionally after such substances were no longer needed for evidence. There is no indication that the statute should be construed so as to prohibit the exhaustion of the substance during chemical analysis. The statute is concerned with a procedure for destroying a substance known to be a dangerous drug, not with the process of determining whether a substance is a dangerous drug.
2. Defendant relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), wherein it was said:
We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. at 87, 83 S.Ct. at 1196, 10 L.Ed.2d at 218.
This case is not applicable for several reasons. First, no indication exists that the evidence was favorable to the accused. Secondly, there is no intimation in this record of any "suppression by the prosecution." At the pre-trial hearing, the prosecution presented the defense with a letter from the Mississippi Crime Laboratory informing the defendant that no part of the substance remained, since the tablet had been consumed in analysis. The testimony of Harriet Pfaffman, the toxicologist for the Crime Laboratory, and Dr. Arthur Hume, the director, indicates there was no effort on their part to suppress intentionally the evidence from the defendant. Brady is inapplicable to this case.
3. Defendant argues that due process required the state to make the substance available to him for inspection and analysis. Since the state's own act exhausted the substance claimed to be contraband, the evidence should be suppressed. He relies on Jackson v. State, 243 So.2d 396 (Miss. 1970), which held that in cases of "possession or sale of a prohibited substance where the outcome of the case is dependent upon its identification as contraband," due process requires making the substance available to the defendant for inspection and analysis.
Jackson applies where the state has some of the substance. The narrow question before the Court is whether the case against defendant should be dismissed when the state is unable to make the substance available to defendant because it was consumed in the process of analysis.
The testimony shows that it was reasonably necessary to consume the entire tablet in the process of determining what drug or drugs were contained therein. There is no proof of an attempt by the state to exhaust the tablet in order to deprive defendant of the right to inspection and analysis.
In People v. Sacchitella, 73 Misc.2d 678, 343 N.Y.S.2d 169 (Sup.Ct. 1973), the Court held that the failure of the state to furnish defendant with a paper bag and money *726 given by a police informer to defendant did not warrant dismissal of the charge. The money appears to have been taken from defendant by the police and given to the informer who spent it in violation of police regulations. The fact was that the evidence did not exist, and the Court said this was not a case of suppression or withholding of exculpatory evidence and that absence of the evidence under these circumstances neither warranted dismissal of the charges nor denied defendant a fair trial.
In State v. Cloutier, 302 A.2d 84 (Me. 1973), the defendant was indicted for the sale of one tablet of LSD. The state consumed three-fourths of the tablet in its analysis, and the remaining one-fourth was admitted as a state's exhibit. The defendant wanted to conduct his own independent analysis of this remaining one-fourth, and the Supreme Court of Maine was compelled to construe their criminal discovery rule. The Court held that each case involving narcotics must be decided upon its own particular set of facts with regard to the reasonableness of the request and the possible safeguards which could be imposed. The Court then discussed the case of Jackson v. State, 243 So.2d 396 (Miss. 1970), and stated:
Obviously, the problem facing the Mississippi Court was minimized by the quantity of marijuana available for testing. We do not think that it necessarily follows that the Court would have reached the same result if it had been dealing with a relatively minute quantity of LSD-25 or that the Court would have hesitated to impose a rule of reasonableness in judging the merits of a specific request. 302 A.2d at 88.
The Court then concluded as follows by discussing what the trial judge could do in such a situation:
[The trial court] may in circumstances not unlike those existing in the instant case, when he is satisfied that the quantity of substance remaining in the State's possession is not sufficient to permit adequate and accurate testing or that the remaining substance must be preserved for evidentiary use at trial or that any other valid reason for such action exists, decline to permit any use of the substance for independent analysis. In the latter event the defendant's analyst will of necessity be compelled to limit his investigation to consultation with the State's analyst and an examination of the State's laboratory facilities and testing methods. An abuse of discretion will be shown only when the record discloses an arbitrary refusal to grant a reasonable and feasible request or a reasonable modification thereof. 302 A.2d at 89.
Alaska dealt with the question in Lee v. State, 511 P.2d 1076 (Alaska 1973), involving a charge of possession of a narcotic drug, heroin. Defendant argued that the court erred in admitting the laboratory analysis of the material found in one of four balloons found in his pockets on the ground that the entire amount found in the balloon was used in analysis and he was denied due process of law because he was deprived of independent examination of the substance. In rejecting defendant's argument, the Court said:
In those cases where expert analysis exhausts the substance there is clearly no error in the admission of evidence regarding the analysis in the absence of allegations and proof of deliberate destruction, or deliberate attempts to avoid discovery of evidence beneficial to the defense. 511 P.2d at 1077.
The record does not indicate that the state deliberately destroyed the substance in an attempt to avoid making it available to defendant. Due process does not require the dismissal of the charges; the state is unable to comply with defendant's motion, because the substance was exhausted in the process of analysis.
Affirmed.
ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.