**STATE of Minnesota, Respondent,**

v.

**Patrick Byron KOEHLER, Appellant.**

No. 50996.

Supreme Court of Minnesota.

Nov. 13, 1981.

Rehearing Denied Dec. 16, 1981.

---

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Peter M. Banovetz, Asst. County Atty., Duluth, for respondent.

## OPINION

OTIS, Justice.

Defendant Patrick Byron Koehler appeals from a conviction for murder in the first degree. We remand for a new trial.

Karen Wiita, the twelve-year-old sister of appellant's former woman companion, was murdered on February 27, 1978. Her badly beaten body was found in the late afternoon near Spirit Mountain Recreational Area in Duluth. Shortly thereafter, the investigation by Duluth police began to focus on appellant.

Appellant accounted for his whereabouts after approximately 9 a.m. on the day of the murder. The State therefore attempted to show that the murder took place sometime between 8 a.m. when Karen Wiita left home for school, and 9 a.m.

Members of appellant's family testified that they saw his car in front of the Koehler residence between 8 and 9 a.m. on the day of the murder. The State, however, called one Thomas Houle whose memory had recently been refreshed under hypnosis by Sergeant Ehle of the Duluth Police Department. Ehle had taken a course in hypnosis only two weeks earlier and was himself involved in the investigation. Houle testified that he had seen defendant's car on Beck's road near the crime scene at approximately 8:20 a.m. on the day of the murder.

Prior to hypnosis, Houle described seeing a young girl with a "blank expression" riding in the passenger seat of an off-green, mid-1960's compact car. After hypnosis, Houle recalled it as a four-door mid-1960's compact car of light brown color. He further remembered the number eight in the license plate, which coincided with appellant's plates. Immediately after hypnosis, Houle was taken to the police garage where he was shown only appellant's car and identified it as the car he saw on Beck's road. He so testified at trial. This was the State's only direct evidence linking appellant to the area of the crime.

Appellant raises issues concerning the sufficiency of the evidence, the unintentional loss of evidence by the State, the qualifications of an expert witness, the impropriety of the prosecution's closing arguments, and the admission of hypnotically influenced testimony. We address only the issues determinative of our decision, whether the loss by the State of potentially exculpatory evidence entitles defendant to a judgment of acquittal, and whether the trial court committed reversible error in admitting the testimony of the witness whose memory was refreshed by hypnosis.

During an autopsy performed the day after the murder the victim's stomach contents were removed. Although the contents may have had probative value in establishing the time of death, they were inadvertently lost before appellant had an opportunity to examine them.

In *State v. Carlson*, 267 N.W.2d 170 (Minn.1978) we noted that "other courts have drawn a sharp distinction between intentional destruction of evidence by the state and situations in which it is for some reason not possible for the state to retain the physical evidence for trial." *Id.* at 174. In this case, there is no suggestion that the State intentionally lost the victim's stomach contents "to avoid discovery of evidence beneficial to the defense." *Lee v. State*, 511 P.2d 1076, 1077 (Alaska 1973). Furthermore, it is doubtful whether the victim's stomach contents were exculpatory because she might have survived for several hours after sustaining the beating from which she died. Thus the extent of digestion as revealed by her stomach contents would not necessarily indicate when the attack occurred. While we do not condone the

**110**

State's negligent loss of evidence, under the circumstances of this case we do not consider the sanction of acquittal appropriate.[1]

 This court recently addressed the issue of whether hypnotically influenced testimony is admissible in a criminal proceeding. In *State v. Mack*, 292 N.W.2d 764 (Minn.1980),[2] we recognized the "historical unreliability" of hypnosis and held that testimony of a "previously hypnotized witness concerning the subject matter adduced at the pretrial hypnotic interview may not be admitted in a criminal proceeding." *Id.* at 772. In *Mack* we noted circumstances which we considered "most suspect," specifically that the hypnotist lacked formal education and scientific understanding of the human memory, or of the process of suggestion by hypnosis. The hypnotist was hired by the police, "whose interest in the outcome of the hypnotic session might well have been communicated" to the subject. *Id.*

The circumstances here dramatically indicate the potential for suggestion and the "historical unreliability" of hypnosis. Houle's recollection of defendant's car prior to hypnosis was incomplete and inaccurate. After hypnosis he positively identified defendant's car as that which he saw on Beck's road. In our opinion his hypnotically influenced testimony was incriminating in the extreme, and its admission into evidence was highly prejudicial.

On remand, Thomas Houle may not testify to matters adduced at the pretrial hypnotic interview except as such matters were previously and unequivocally disclosed by him to the authorities, prior to the hypnosis.

Remanded for a new trial.

YETKA, Justice (dissenting).

I would affirm the conviction because the evidence of guilt is overwhelming even apart from the disputed evidence secured from the witness under hypnosis. The trial court did not have the benefit of our deci-sion in *State v. Mack* when this case was tried and the standards set forth in that case should not be applied retroactively. I would hold the disputed evidence was not prejudicial.

---

1. On remand, subject to proper foundation, we consider evidence of the color of the victim's stomach contents to be admissible.

2. *Mack* was decided subsequent to the trial of this case.