243 So.2d 396 (1970)
James JACKSON
v.
STATE of Mississippi.
No. 46014.
Supreme Court of Mississippi.
November 23, 1970.
Rehearing Denied February 8, 1971.
George F. West, Jr., Mullins & Smith, Natchez, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
This is an appeal from a judgment of the County Court of Adams County which heard the case pursuant to transfer from the Circuit Court, Mississippi Code 1942 Annotated section 1605 (1956). The defendant was found guilty of possession of marijuana by the jury for which he was sentenced to three years in the state penitentiary. Being aggrieved, he appeals to this Court.
The appellant, James Jackson, was arrested on October 9, 1969, upon the basis of two warrants issued by a justice of the peace. The warrants indicated that Jackson had failed or refused to return his automobile operator's license and license tag to the state as required by law *397 subsequent to their suspension. He was also arrested for driving his automobile without a license tag at the time he was apprehended.
Sheriff Ferrell, one of the arresting officers, testified that he impounded Jackson's car under the provisions of Mississippi Code 1942 Annotated section 9352-53 (1956), driving it to the premises of the county jail. Simultaneously, Jackson was taken to jail for booking along with one Stampley, who occupied the car with him, and there he was advised that the contents of his car would be inventoried in his presence. His further testimony was that shortly after the officers had been dispatched to make the inventory, he was summoned and was shown a small match box taken from the automobile containing segments of what appeared to be "tobacco or some such substance." After this box was disclosed, the inventory continued and eleven other boxes were discovered; three from a litter bag, four from above the sun visor on the driver's side of the automobile, and four in the air breather at the top of the carburetor. Of the twelve boxes found eight were filled with a green leafy substance, the remainder with segments of what appeared to be residue of "tobacco or some such substance."
The material found in the boxes was determined by the state chemist to be marijuana.
Prior to the trial on the merits, the appellant moved the court for an order requiring the State to furnish to the defendant, his counsel, or an independent chemist employed by him, the following:
1. A detailed report setting forth the tests made, methods and procedures used, and findings yielded from the chemical analysis conducted by the State of Mississippi, or any chemist acting for and on its behalf, of a substance allegedly seized from the defendant on October 9, 1969.
2. A sample of the alleged marijuana of sufficient size and quantity to enable an independent chemist employed by the defendant to determine whether marijuana is present.
The court overruled this motion. Additionally, objection was made by the defendant to the introduction of this evidence, as was a motion to suppress, both of which were overruled. Objection was also made to the introduction of the boxes and their contents as being the result of an illegal search. This objection was also overruled.
The holding of the court with regard to these objections was the prime source of the appellant's numerous assignments of error.
Appellant contends that he was entitled to have a sample of the substance seized from his automobile in order that an alalysis might have been made by a chemist of his own choosing. Although we recognize that it is within the discretion of the trial court to allow or disallow a defendant an opportunity to inspect tangible evidence possessed by the prosecuting attorney, the discretion, nevertheless, is judicial in nature and subject to review by this Court.
In Armstrong v. State, 214 So.2d 589, 596 (Miss. 1968), we recognized the developing trend toward allowing inspection by the defendant of tangible evidence. After discussion of all pertinent authority, we stated:
It is becoming increasingly clear from a study of the foregoing authorities that, although the trial judge has discretionary power in determining whether or not tangible evidence in the possession or under the control of the prosecuting attorney should be given to the defendant for his inspection, nevertheless, the defendant should be permitted to inspect tangible evidence which may be used against him or which may be useful in his defense. This does not mean that a defendant may peruse the private files of a prosecuting attorney or examine his private notes. It does mean, however, that the concept of "due process" and *398 "fair trial" requires that material, tangible evidence must not be concealed from the defendant who is accused of crime. There is no good reason why the defendant in a civil case should be entitled to more liberal right to tangible evidence in the possession of his adversary under the authority of section 1659, Mississippi Code 1942 Annotated (1956) than is a person under a serious criminal charge.
The guilt or innocence, prison sentence or acquittal, of the defendant depends entirely upon the identification of the contents of the boxes as marijuana. This substance was relevant, material, competent and, in fact, necessary evidence to defendant's conviction. Under this circumstance we are of the opinion that due process of law requires, upon the court's attention being directed thereto by motion, that the analysis of the substance not be left totally within the province of the state chemist. The defendant having made proper and timely motion for a portion of the substance, it should have been made available to his attorney, as an officer of the court, and under such safeguards as the trial court deemed necessary, for inspection and analysis. We hasten to add that this opinion is limited to the alleged possession or sale of a prohibited substance where the outcome of the case is dependent upon its identification as contraband. We conclude, therefore, that the lower court erred in not sustaining the defendant's motion for a portion of the seized substance.
In view of this conclusion, we are of the opinion that the motion for a detailed report setting forth the tests made, methods and procedures used, and findings yielded from the chemical analysis conducted by the State, was properly overruled inasmuch as the defendant will now have available to him a portion of the substance for analysis which will afford, in our opinion, sufficient knowledge for competent cross-examination of the State's chemist.
Although not necessary to this opinion, the question will doubtless be raised on retrial that probable cause did not exist for the search of the appellant's car. After consideration, we think the trial court correctly held that the boxes and their contents should not be excluded from evidence as the result of the search. We are of the opinion the car was inventoried in accord with lawful police practices. In Wright v. State, 236 So.2d 408, 412 (Miss. 1970), we held:
* * * However, we do not here pass upon whether or not it is ordinarily the official duty of an officer to preserve the property of a person arrested  see Toliver v. State, 133 Miss. 789, 98 So. 342 (1923)  although it may be said that the trend of authorities is moving in that direction  see 32 A.L.R. 685 (1924). It is, nevertheless, the practice of police officers to inventory the personal belongings taken from a prisoner and to put them in a place for safekeeping. This is usually done in the presence of the prisoner and a witness so that the prisoner may not later contend that his money and other belongings were confiscated by the officers.
The duty of the officers to search the person of the defendant in the instant case and the right of the officers to inventory and keep the personal effects of the prisoner was proper under the facts here shown.
See also Gordon v. State, 222 So.2d 141, 144 (Miss. 1969), where we stated:
* * * Since it was the duty of the officers to hold the automobile as evidence until the participants could be indicted and tried, it would be unreasonable to hold that for their own protection the officers did not have the duty to search the automobile. They were responsible for all the contents of the car and in order to properly account for such contents they had to inventory and preserve them. Appellant urges that the officers could have procured a *399 search warrant and searched the car after it was moved to the patrol headquarters, however, that is not the test. The test is whether the search was reasonable. As a means of precaution it is always better for the officers to procure a search warrant for the search after the arrest has been effected and the vehicle moved from the scene of the arrest, but under the facts and circumstances of this case a search without a search warrant was reasonable. * * *
See also Godbee v. State, 224 So.2d 441 (Fla.App. 1969), a well-reasoned opinion from which we quote with approval the following:
* * * The reasonableness of any search without a warrant is measured from the standpoint of the conduct of the searchers. If their conduct is in some way reprehensible; or if they precipitate a search and are motivated therein solely by a desire to "hunt" for incriminating evidence; or if they do so without any plausible explanation or justification; the invasion is an unreasonable one. Here the tests have been met, and there is no evidence in this record from which it can be said that the officers did not act in good faith and in the prudent discharge of their official duties. There [was] ample justification for taking the car into custody in the first place, and reasonable cause to inventory it. The trial court was correct in denying the motion to suppress. (224 So.2d at 443.)
Accord Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). We conclude that the inventory of the appellant's automobile was reasonable in its inception, a proper police practice, and that there was probable cause for the ensuing search subsequent to the discovery of the substance charged to be marijuana.
Appellant further contends that the court erred in failing to set aside the verdict because the laws of Mississippi do not specifically designate a place of confinement. This question has been determined in Davis v. State, 219 So.2d 678 (Miss. 1969), contrary to this contention, and in view of it we find no merit in this argument.
The remaining assignments of error concern themselves with legal concepts, jury composition, and argument of the State's attorney, alleged to be improper, that varies from trial to trial. We have considered each of these assignments and find no error therein, deeming it sufficient to state that the evidence is overwhelming that the jury was properly selected without regard to race or sex as to the first contention, and to express the hope as to the second, that the State's argument on retrial, if the defendant not take the stand, be without reference to the declination since at best it is dangerous practice.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, INZER and ROBERTSON, JJ., concur.