SUGG, Justice:
Appellant was convicted in the Circuit Court of Forrest County of the sale of marijuana and sentenced to serve five years in the penitentiary and to pay a fine of $1,000.00.
Sergeant Henry M. Bounds of the Hat-tiesburg Police Department accompanied three men to the apartment of appellant. Two of the men had volunteered their service without remuneration as private citizens to secure evidence against persons suspected of possessing or selling narcotics and knew that Sergeant Bounds was a police officer. The other man did not know that he was a police officer and did not know that the other two men were present for the purpose indicated above.
Upon arrival at the apartment of appellant, the four men were invited in and after a preliminary conversation the appellant stated that he was in the business to make a profit and invited them into a backroom for the purpose of making a sale of marijuana. Appellant showed them four bags of marijuana and sold one of the men who accompanied the police officer a lid[1] of marijuana for $18.00. The police officer provided $7.00 of the purchase price at the time of the sale.
Appellant argues that the police officer needed a search warrant based on probable cause to enter his apartment; however, in Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966) the Supreme Court of the United States held that where an undercover agent was invited into a home for the purpose of purchasing marijuana, defendant lost his protection and his home was treated as a business.
In Lewis the Court stated:
Petitioner does not argue that he was entrapped, as he could not on the facts of this case; nor does he contend that a search of his home was made or that *214 anything other than the purchased narcotics was taken away. His only contentions are that, in the absence of a warrant, any official intrusion upon the privacy of a home constitutes a Fourth Amendment violation and that the fact the suspect invited the intrusion cannot be held a waiver when the invitation was induced by fraud and deception.
Both petitioner and the Government recognize the necessity for some undercover police activity and both concede that the particular circumstances of each case govern the admissibility of evidence obtained by stratagem or deception. Indeed, it has long been acknowledged by the decisions of this Court, see Grimm v. United States, 156 U.S. 604, 610, 15 S.Ct. 470, 472, 39 L.Ed. 550 (1895), and Andrews v. United States, 162 U.S. 420, 423, 16 S.Ct. 798, 799, 40 L.Ed. 1023 (1896), that, in the detection of many types of crime, the Government is entitled to use decoys and to conceal the identity of its agents. The various protections of the Bill of Rights, of course, provide checks upon such official deception for the protection of the individual. See e. g., Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). (385 U.S. at 208, 209, 87 S.Ct. at 426, 17 L.Ed.2d at 314-315).
As stated in Lewis, supra, particular circumstances of each case govern the admissibility of evidence obtained by deception and in the case at bar appellant invited in and conversed with, the four persons he had admitted to his apartment. When advised by the only one of the four persons with whom he was acquainted that they had come to buy some grass (a slang term for marijuana), he accompanied his four visitors into a backroom, and after some discussion of the price of a lid of marijuana, agreed to reduce the price from $20.00 to $18.00. Under the particular circumstances of this case, we hold that the evidence' of the sale is admissible and although the undercover agent and the three persons accompanying him did not appear at the apartment of appellant in response to a specific invitation, his willingness to sell marijuana to strangers after admitting them voluntarily to his apartment constituted a waiver of official intrusion upon the privacy of his apartment.
The police officer and the two private citizens who accompanied him to appellant’s apartment did not see, hear, or take anything that was not contemplated as a necessary part of his illegal business of selling marijuana, and to hold that the deception of the police officer in this case is constitutionally prohibited, would announce a rule that the use of undercover agents in any manner is virtually unconstitutional per se.
The cooperation of interested citizens who are willing to give of their time assisting officers in purchasing narcotics for the purpose of providing evidence should not be condemned, and officers should not have this means of obtaining evidence taken away from them because such a rule would seriously hamper officers in obtaining evidence from criminal activities which are carried on secretly.
Appellant also argues that the trial court erred when it did not grant him a continuance to permit him to have a sample of the marijuana analyzed. On January 11, 1971 the case was called for trial, after having been previously set for trial, and counsel for the appellant moved for a continuance on the grounds that on January 6, 1971, he became aware of the decision of Jackon v. State, 243 So.2d 396 (Miss.1970) and filed a motion for discovery on the afternoon of the 6th requesting a sample of the marijuana for the purpose of having a chemical analysis made of it by a chemist of appellant’s own choosing. Oh" January 8, 1971, at a hearing on the motion, the district attorney admitted that the appellant was entitled to a sample and tendered to counsel for the appellant a sample of the marijua *215 na so that appellant could have a chemical analysis made and the case could be tried on the following Monday, January 11, 1971. Counsel for appellant argued that there was not sufficient time to have the chemical analysis made, but the proof showed that the test is relatively simple and could be made within a matter of 15 or 20 minutes by a qualified chemist.
In the case of Armstrong v. State, 214 So.2d 589 (Miss.1968), we held that the defendant should be permitted to inspect tangible evidence which might be used against him or which might be useful in his defense. Appellant had ample time in which to familiarize himself with his rights to inspection of tangible evidence before the case was set for trial on January 11, 1971 and the trial court did not abuse its discretion in denying the motion for a continuance.
At the trial the substance was positively identified by Stanley Schreiver, a qualified chemist with the Bureau of Narcotics and Dangerous Drugs of the United States Department of Justice. The substance was marijuana beyond any question.
Since this case was tried, the Legislature has enacted the Uniform Controlled Substances Act which materially reduces the penalty that may be imposed for first offenders. In Smith v. State, 248 So.2d 436 at page 439 (Miss.1971), we stated as follows:
[W]e deem it proper and in keeping with the intention of the Legislature that his conviction be affirmed, but that the case be remanded to the trial court for an imposition of a sentence in accordance with the provisions of the Uniform Controlled Substances Act.
For the reasons stated, we affirm appellant’s conviction, but the sentence heretofore imposed is set aside, and the case is remanded to the trial court for the imposition of such sentence as the trial court may deem appropriate under the provisions of the Uniform Controlled Substances Act.
Affirmed and remanded.
GILLESPIE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.

. A lid of marijuana was defined in the evidence as being approximately 20 grams of marijuana.