SUGG, Justice:
Appellant was convicted of the possession of marijuana in the Circuit Court of Jackson County, Mississippi and sentenced to serve a term of two years in the Mississippi State Penitentiary and to pay a fine of $200.
Appellant assigns one error as follows:
The officer issuing the search warrant had before him insufficient legal evidence to establish probable cause for the issuances of the search warrant, and the Court erred when it allowed the state to introduce the fruits of the search based thereon. (Emphasis added).
When the State sought to introduce the 65 marijuana plants procured as the result of the search appellant objected, and in the absence of the jury, an examination of the officer who made the affidavit for the search warrant and the judicial officer who issued the search warrant revealed that the officer was called by a neighbor of the appellant and given information to the effect that certain plants were being grown around the house occupied by the appellant.
It was further developed that after the neighbor of appellant informed the officer of the fact that marijuana was being cultivated around the house of appellant, the officer went to the premises of the neighbor on two occasions and from the neighbor’s premises observed marijuana growing around the house occupied by the appellant.
Before making affidavit that the information furnished him was given to him by a credible person the officer verified the information given by his informant and ascertained in a lawful manner that the information given by the informant was true.
The officer then made an affidavit for a search warrant and stated the underlying facts and circumstances in the following language:
This belief is not feigned on malice against the said R. E. Simms who is believed to be guilty of said violation but founded on facts which I personally observed and heard.
Information given to me by a reliable and credible person stating that mari-juanan [sic] was cultivated at a little house behind the home located at 3 Celeste Drive in Moss Point, Mississippi. The informant advised me that the marijuana plants were on the west side of the little house.
I went to this address and I could see the plants from the driveway at 3 Celeste Drive. After checking a little closer I found the plants to be marijuana. I am a norcotics [sic] investigator for the *212 Pascagoula Police Department. Through past experience I am able to identify marijuana plants (cannibis sativa).
We hold that the underlying facts and circumstances as sworn to by the police officer meets the test imposed by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); O’Bean v. State, 184 So.2d 635 (Miss.1966) and cases cited therein.
Since the officer did not go on the premises of appellant in ascertaining that the plants growing around his house were marijuana, the rule announced in Davidson v. State, 240 So.2d 463 (Miss.1971) has no application.
The case was tried on January 12, 1971 before the enactment of the Uniform Controlled Substances Act in 1971 which materially reduces the penalty that may be imposed for first offenders.
Appellant is a young man attending a junior college, a veteran of Vietnam and a first offender. We deem it proper and in keeping with the intention of the Legislature that his conviction be affirmed, but that the case be remanded to the trial court for imposition of a sentence in accordance with the provisions of the Uniform Controlled Substances Act, but not in excess of the sentence previously imposed. Smith v. State, 248 So.2d 436 (Miss.1971); Pooley v. State, Miss., 257 So.2d 212.
For the reasons stated, we affirm appellant’s conviction, but the sentence heretofore imposed is set aside and the case is remanded to the trial court for the imposition of such sentence as the trial court may deem appropriate under the provisions of the Uniform Controlled Substances Act, but not to exceed the sentence previously imposed.
Affirmed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.