441 So.2d 1353 (1983)
Wilford George LOVE a/k/a Sonny Love
v.
STATE of Mississippi.
No. 54044.
Supreme Court of Mississippi.
December 14, 1983.
*1354 Wendy G. Evinger, Greenwood, for appellant.
Bill Allain, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Wilford George Love has been convicted in the Circuit Court of Leflore County, Mississippi, of the sale of less than one ounce of marijuana on September 15, 1981. Upon his conviction, Love has been sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections and to pay a fine of $3,000.
In cases such as this where the outcome of the case is substantially dependent upon the identification of an alleged substance as contraband, due process requires making the substance available to the defendant for inspection and analysis. Because Love was denied this right, we reverse and remand for a new trial.

II.
The dispositive issue arose in the following procedural context.
On February 12, 1982, the trial court entered a general discovery order[1] providing that, upon motion of defendant, the state should disclose without further order of the court, inter alia, "... any physical evidence ... to be offered in evidence". On March 5, 1982, Love filed the requisite formal motion requesting discovery. That motion, read in conjunction with the February 12 order, meant that the state was required to divulge any physical evidence it planned to use at trial. The alleged marijuana in question, however, was not forthcoming.
Thereafter, on March 17, 1982, two days before trial, Love filed a series of pre-trial motions, one of which was entitled "Motion for Independent Chemical Analysis of Alleged Contraband". Another of the motions made and filed the same day was a motion for continuance.
Hearings on all the pre-trial motions were held on the following day, March 18, 1982. The trial judge first took up and considered the motion for a continuance. That motion was denied. Thereafter, the court considered the motion for an independent chemical analysis. It is important to note that Love was not requesting that this independent chemical analysis be made at the expense of the state. After a brief hearing, the court overruled and denied the motion.
In the course of its ruling the court made the following remarks of relevance here:
... based on the fact that this motion was filed the day before the trial in an obvious attempt to keep this trial off the docket and continued, I am going to refuse that motion.
The motion for a continuance, however, had already been overruled. There was nothing about the instant motion that made it contingent upon a continuance being granted. The trial court went on to state:
[I]t is not this court's policy and it never will be ... to have every substance of contraband that is collected through police investigation or otherwise, when an *1355 attorney is appointed to have an analysis just because that attorney wants an analysis. Now, if you can make affidavit to this court that you have some indication that the substance which was contained and there is something wrong with the independent analysis, I will certainly hear you on that. But, I am not going to establish a practice now, nor will I ever, until some higher court directs me to allow a defense attorney for a defendant to have an independent analysis on all contraband which is collected.

III.

A.
For years our law has been wholly contrary to that announced by the trial judge. That law is of constitutional proportions, being grounded in the due process clauses of both federal and state constitutions. U.S. Const.Amdt. XIV; Miss. Const. (1890) Art. III, § 14. For example, Armstrong v. State, 214 So.2d 589, 596 (Miss. 1968) recognizes that a defendant should be allowed to inspect tangible evidence that may be used against him and that this entitlement arises from accepted notions of due process.
The controlling case is Jackson v. State, 243 So.2d 396 (Miss. 1970). In Jackson the court was faced with the question of whether it was error for the trial court to refuse a defendant charged with possession of marijuana a sample of the alleged contraband so that he could have it analyzed. En route to reversal the Jackson court stated:
The guilt or innocence, prison sentence or acquittal, of the defendant depends entirely upon the identification of the contents of the boxes as marijuana. This substance was relevant, material, competent and in fact, necessary evidence to defendant's conviction. Under this circumstance we are of the opinion that due process of law requires upon the court's attention being directed thereto by motion that the analysis of the substance not be left totally within the province of the state chemist. The defendant having made proper and timely motion for a portion of the substance, it should have been made available to his attorney as an officer of the court, and under such safeguards as the trial court deemed necessary for inspection and analysis. 243 So.2d at 398. [Emphasis added].
The Supreme Court of Alabama relied on our Jackson decision in Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973), and added its own reasoning:
Where contents of an allegedly prohibited substance is in issue and is to be offered against him, is it asking too much for the defendant that he be allowed as much opportunity to determine the nature of the substance and its characteristics as has been afforded the state? We think not and it is no answer to the question that the state's expert is a skillful scientist and a credible witness. To enable one to present his defense fully and effectively, the right of cross examination, thorough and sifting, must remain inviolate and to enable the defendant to invoke this right on motion, he should be furnished a sample of the allegedly prohibited substance that would be offered against him in the trial so that he could have its qualities researched by scientists of his choosing. We think that to deny him this right is to deny him due process,
... .
288 So.2d at 830.
We approve the rationale of the Warren case as wholly as the Warren Court approved our Jackson decision.

B.
We emphasize that we are not here criticizing the trial judge's denial of a motion for a continuance. Pooley v. State, 257 So.2d 212 (Miss. 1972) and Pierce v. State, 401 So.2d 730 (Miss. 1981) are distinguishable from the case at bar. In each of those cases the defendants sought a continuance for the purpose of obtaining an independent chemical analysis of alleged contraband. The requested continuances were denied and in each case this Court held that the trial court did not abuse its discretion in that regard.
We have here a wholly different animal. The timing of the request for an independent chemical analysis is essentially *1356 irrelevant to whether it ought be granted. If a defendant waits until the last minute to make the request, that is his problem. Such delay may well mean that he will not have enough time to obtain the independent chemical analysis. If that be the case he suffers the consequences. But that in no way justifies the trial judge in denying the request. The Pooley case emphasizes the point. There the court denied a continuance three days before trial because at the hearing it was established that there was ample time to obtain the chemical analysis, i.e., such could be performed by a qualified expert in less than twenty minutes. Pooley v. State, supra, 257 So.2d at 217. Suffice it to say that resourceful counsel for Wilford George Love was certainly entitled to the opportunity to see if she could obtain the necessary analysis the day before trial and have her proof in proper shape that it might be offered at trial.

C.
The state argues that the defendant is not entitled to the opportunity for an independent chemical analysis when he is asserting an alibi defense. Bright v. State, 293 So.2d 818 (Miss. 1974) is cited. Bright holds that the defendant in a case such as this is not entitled to an independent chemical analysis at the expense of the state. The issue was whether an indigent defendant entitled to the appointment of counsel, was similarly entitled at state's expense to the independent chemical analysis. The Bright Court reviewed generally the cases where indigent criminal defendants had sought at state expense expert analysis and witness assistance. The great majority of cases denied such assistance. Accordingly, Bright recognized that:
In Jackson v. State, 243 So.2d 396 (Miss. 1970) we held that a defendant charged with possession of marijuana was entitled to a sample of the contraband for his inspection and analysis, 293 So.2d at 821.
but in the end held:
that the trial court was correct in denying petitioner the right to employ an expert at the expense of the state. 293 So.2d at 822.
The holding of Bright offers the state no comfort here.
In the case at bar Love elected alternative theories of defense. First, he challenged the state's ability to prove a prima facie case. In the alternative, Love asserted an alibi  that at the time of the alleged sale in Greenwood he was with friends at a bar in Itta Bena. Neither line of defense worked as the jury convicted. Of importance is that the chemist from the State Crime Lab testified he had performed three independent tests and that each established the substance as marijuana. Because of the trial court's denial of the motion in issue, Love had no opportunity to develop counter proof.
Litigants in all cases are entitled to assert alternative theories, even inconsistent alternative theories. Cf. Rules 8(e)(2) and 18(a), Miss.R.Civ.P.; Armstrong v. State, 214 So.2d 589, 596 (Miss. 1968). This is no less true of defendants in criminal prosecutions. The defendant's right to challenge the state's ability to prove that the substance in question was an illegal controlled substance, and, accordingly, his right to an independent chemical analysis of the substance, are in no way forfeited or compromised by his assertion of an alternative alibi defense. This would be true if the two defenses were inconsistent. It is more certainly so when the two states of the evidence favorable to the defendant are in no way inconsistent one with the other, to-wit: That the substance may be alfalfa or whatever in no way precludes the defendant having a credible alibi.

VI.
We hold that Wilford George Love was entitled to have made available to his attorney the alleged controlled substance, for inspection and analysis and under such safeguards as the trial court may have deemed necessary. In short, the motion for an independent analysis should have been granted and the trial court's failure to have done so is reversible error.
Beyond that, we trust it is apparent without further discussion that the announced *1357 policy of the trial judge on matters such as this is wholly inconsistent with Jackson v. State, 243 So.2d 396 (Miss. 1970) and Rule 4.06, Uniform Criminal Rules of Circuit Court Practice, not to mention elementary notions of due process of law.
The judgment of conviction of Wilford George Love of sale of marijuana, together with the sentence imposed thereupon, are vacated and reversed, and this case is remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] In this case we note that yet another circuit court has adopted the practice of entering blanket discovery orders in all criminal cases. This practice has the obvious effect of eliminating needless bickering about discovery matters. It provides for a fairer and more efficient processing of the court's criminal docket. We applaud and encourage this practice. See Morris v. State, 436 So.2d 1381, 1387 fn. 6 (Miss. 1983).