523 So.2d 957 (1988)
Willie JONES
v.
STATE of Mississippi.
No. 57314.
Supreme Court of Mississippi.
January 6, 1988.
As Modified on Rehearing April 13, 1988.
Darnell L. Nicovich, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Felicia C. Adams, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the court:
Willie Jones was indicted as an habitual offender for possessing, with intent to distribute, a controlled substance. He was convicted and sentenced to sixty (60) years without possibility of parole. From that conviction and sentence he appeals.
On November 19, 1983, a confidential informant with the Biloxi Police Department placed several telephone calls to Willie Jones in Jackson, Mississippi. Although the record does not reveal the content of those conversations, it does indicate that, as a result of those conversations, several law enforcement officers set up a surveillance *958 at the Gulf Marine State Park near Biloxi. Shortly after 5:00 a.m. on November 21, Willie Jones drove into the park and placed a small box on the ground near a curb in the parking lot. Another man was in the car with Jones. Within a few minutes, the informant drove into the park, and Jones retrieved the box from the curb and showed the informant its contents. The informant then drove out of the park and notified the police officers that there were drugs on the scene. Meanwhile, Jones had placed the box back on the curb and returned to his car. The police officers then arrested Jones and seized the box which he had placed on the curb. The box contained a white powdery substance and two (2) bottles of pills, which subsequent tests revealed to be cocaine and hydromorphine, respectively.
Sometime after being tested, the contents of the box disappeared from the evidence vault of the Mississippi Crime Laboratory in Gulfport, Mississippi. They were still missing at the time of trial, and the State was unable to explain their disappearance.
At the conclusion of the trial, the jury returned a verdict of guilty. The trial court then sentenced Jones to sixty (60) years without possibility of parole. This sentence resulted from the trial judge's 1) doubling the sentence because Jones was a subsequent offender under Miss. Code Ann. § 41-29-147 (1972), and 2) providing that the sentence was to be without possibility of parole, since Jones was an habitual offender, as provided for in Miss. Code Ann. § 99-19-81 (Supp. 1984). From that conviction and sentence Jones appeals, assigning four (4) errors.

I. DID THE TRIAL COURT ERR IN DENYING JONES' MOTION TO SUPPRESS TESTIMONY REGARDING THE RESULTS OF THE PURPORTED LABORATORY ANALYSIS OF THE ITEMS SEIZED FROM THE SCENE OF THE ARREST?

III. DID THE TRIAL COURT ERR IN DENYING JONES' MOTION TO DISMISS?
During discovery Jones requested that he be allowed to examine the evidence seized at the scene of the crime. Although the State was unable to produce the evidence, the trial court allowed the State's expert, who had tested the substances, to testify that they were cocaine and hydromorphine. Jones cites cases in which this Court has held that failure to allow defense counsel to inspect the State's physical evidence renders that evidence and testimony about it inadmissible. Morris v. State, 436 So.2d 1381 (Miss. 1983); Jones v. State, 330 So.2d 597 (Miss. 1976). He also claims the State's failure to produce the evidence required dismissal.
As the State correctly points out, however, in the cases cited by Jones the evidence was available to the State. The case most similar to that at bar is Coyne v. State, 484 So.2d 1018 (Miss. 1986), in which marijuana which had already been tested was stolen from an evidence locker. We held as follows:
The defendant's first assignment of error alleged that the trial court erred in failing to dismiss the indictment against him, because the marijuana for which he was indicted could not be supplied by the state. He asserts that the failure to allow him an independent test and an independent opportunity to weigh the substance involved denied him due process of law, in that he was unable to effectively cross-examine the state's witnesses.
Normally, "where the outcome of the case is substantially dependent upon the identification of an alleged substance as contraband, due process requires making the substance available to the defendant for inspection and analysis." Love v. State, 441 So.2d 1353, 1354 (Miss. 1983). However, this case is distinguishable from Love, because the substance requested was unavailable to the state, as well as to the defendant, at the time of the request.
This case is more analogous to the case of Poole v. State, 291 So.2d 723 (Miss. 1974), cert. den. 419 U.S. 1019, 95 S.Ct. 492, 42 L.Ed.2d. 292. In Poole the defendant was convicted of selling LSD. *959 The tablet of LSD which was seized from him was consumed during testing. The court there upheld the defendant's conviction, stating that:
The record does not indicate that the state deliberately destroyed the substance in an attempt to avoid making it available to defendant. Due process does not require the dismissal of the charges; the state is unable to comply with defendant's motion, because the substance was exhausted in the process of analysis.

Id. at 726.
Where the state is unable to comply with a request for production of evidence because of its unavailability, the state must show that it has acted reasonably and in good faith in the premises. Johnston v. State, 376 So.2d 1343, 1346 (Miss. 1979), aff'd sub nom. Johnston v. Pittman, 731 F.2d 1231 (5th Cir.1984), cert. den., [469] U.S. [1110], 105 S.Ct. 789, 83 L.Ed.2d 783 (1985).
The appellant alleges that the marijuana was lost due to the negligence of the state. However, no evidence was produced at trial which would indicate that the state had acted unreasonably in storing the substance. The appellant has also alleged that he was effectively denied the right of cross-examination of the state's witnesses. However, counsel for the defendant did cross-examine Ms. Smith, the drug analyst for the Mississippi Crime Lab, on her procedure for testing marijuana. The defendant also alleges that it was crucial to his defense to be able to independently weigh the substance. He was charged with possession of over one kilogram of marijuana. It does not appear that an independent weighing of the substance would have made much difference to his defense in this regard. For these reasons, there is no merit to the appellant's first assignment of error.
Id. at 1020-21. The record indicates that the evidence in the case at bar was properly checked in at the Gulfport Crime Lab by evidence technician Betty Dedeaux, who gave the officer delivering it a receipt, assigned a crime lab number to it, and placed it in the evidence vault in a sealed bag. Forensic scientist Tim Goss took the evidence from the vault, tested it, resealed the evidence bag, and replaced the bag in the evidence vault. At the time of trial, however, the evidence could not be found. The Crime Lab's procedures with regard to this evidence were reasonable; the assignment of error is without merit.

II. DID THE TRIAL COURT ERR IN SENTENCING JONES TO A TERM OF SIXTY (60) YEARS WITHOUT PAROLE PURSUANT TO §§ 99-19-81 AND XX-XX-XXX?
The indictment enumerates nineteen (19) prior convictions involving at least nine (9) different incidents involved. In sentencing Jones, the trial court relied on two different recidivist statutes.
Miss. Code Ann. § 41-29-147 (1972) provides as follows:
Any person convicted of a second or subsequent offense under [the Controlled Substance Act] may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
Miss. Code Ann. § 99-19-81 (Supp. 1987) provides as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall *960 such person be eligible for parole or probation.
Using both of these sections, the trial court 1) doubled the sentence, and 2) provided that the sentence would be without possibility of parole. Thus, the trial court sentenced Jones to serve sixty (60) years without possibility of parole.
First, Jones complains that, although the indictment enumerated his previous convictions, it did not 1) state that he would be prosecuted as an habitual offender, 2) state the statutes under which the enhanced punishment would be sought, or 3) recite that the previous drug convictions were for violations of the Controlled Substances Act. We have held, however, that the indictment need not recite the statute number under which the enhanced punishment is sought. Ellis v. State, 469 So.2d 1256, 1258 (Miss. 1985). Similarly, in order for the sentence-doubling provision of § 41-29-147 to be applicable, the indictment need not recite that the prior convictions were had pursuant to the Uniform Controlled Substances Act, since that statute, by its own terms, is applicable "if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs [etc.]."
Jones next asserts that the indictment was fatally flawed in that it simply listed the prior convictions without giving any indication that the State sought to have Jones sentenced as an habitual offender. In other words, all the indictment did was list the previous convictions. An identical fact situation was before us in Bandy v. State, 495 So.2d 486 (Miss. 1986). There, as here, the State argued that it had complied with Rule 6.04 of the Uniform Criminal Rules of Circuit Court Practice. This Court held as follows:
Rule 6.04 of the Uniform Criminal Rules of Circuit Court Practice requires that:
(1) The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment.
The indictment in this case contained this information. Although not specifically addressed in this appeal, the initial problem with the indictment is that it contained just that. It specifies the principal charge against Bandy, then goes on to cite with specificity the other two convictions against him, without ever informing him that the State sought to sentence him as a habitual offender.
The State is saved from reversible error in this case by the statement of defense counsel, during trial, when he inquired about "what I have been led to believe [is] an indictment of Habitual Criminal Statute 99-19-83, life without parole." Thus, it is clear that Bandy's attorney somehow gleaned from the indictment that Bandy was being charged under § 99-19-83. Since Bandy had notice of the habitual offender charge, we do not find reversible error in the inadequacy of this indictment. However, we would admonish prosecutors to properly charge habitual offenders by reference to the correct statute in the indictment.

Id. at 490. The case at bar presents a very similar situation in that appellant, in making both a motion for a continuance and a motion in limine, set out that if convicted, he could be sentenced under the habitual offender statute. Consequently, Jones had actual notice that the State would seek enhanced sentencing as an habitual offender, Bandy, supra, and as such his argument on this point is unfounded.
Next, Jones claims that application of two (2) different enhancement statutes 1) constitutes double jeopardy, and 2) violates constitutional prohibitions against cruel and unusual punishment. The Kentucky Supreme Court considered a similar argument and concluded that application of both the general habitual-offender statute and the specific enhanced penalty for drug conviction, constituted neither double jeopardy nor cruel and unusual punishment. Kentucky v. Grimes, 698 S.W.2d 836 (Ky. *961 1985); Rudolph v. Kentucky, 564 S.W.2d 1 (Ky. 1978). We agree that, under current statutes, double enhancement is proper, provided it meets the test adopted in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The relationship between the two sentencing statutes, and the question of whether use of both to enhance a single sentence is proper, are appropriate subjects for legislative review.

IV. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
The evidence as described above was sufficient to support the conviction; this assignment is patently without merit.

* * *
Jones has filed a pro se supplemental brief in which he claims 1) that two trustees in the county jail stole the drugs the day after his arrest, 2) that the State's expert therefore could not test the drugs and simply fabricated the laboratory report on which he relied at trial. Jones presented this theory to the trial court out of the presence of the jury, and the trial court responded that these claims went to the credibility of the State's witnesses and that Jones was free to pursue this theory at trial. Jones chose not to testify, so his theory was never presented to the jury. The claim is without merit.

CONCLUSION
The evidence presented at trial conclusively proved Jones guilty of possessing a controlled substance with the intent to distribute and there being no error in the trial below, the decision of the lower court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.