585 So.2d 753 (1991)
Elijah REYNOLDS, III
v.
STATE of Mississippi.
No. 89-KA-1342.
Supreme Court of Mississippi.
September 4, 1991.
*754 L.H. Rosenthal, Natchez, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This appeal is from the conviction of Elijah Reynolds, III in the Adams County Circuit Court for the sale of a controlled substance (cocaine).

I.
On the afternoon of March 27, 1989, Officer Bobby Sheppard of the Ferriday, Louisiana Police Department came to Natchez, Mississippi to assist the Natchez Police Department with an undercover drug operation. On arriving in Natchez, Officer Sheppard met with Lt. Sullivan, Officer Gail Frisby, Officer Mike Aldridge and a confidential informant, Ms. Wanda Miles, who was to assist Officer Sheppard in trying to make a drug purchase.
Sheppard and Miles drove through a designated area of known drug activity to make a buy from Elijah Reynolds, III. Once Reynolds was spotted, the buy was arranged by Miles, who was wearing a body microphone. Officer Sheppard then approached Reynolds and gave him $25.00 for a small bag of cocaine. Reynolds was later arrested and indicted as an habitual offender for the sale of a controlled substance.
At trial, the officers involved in the operation testified to the events leading up to Reynolds' arrest. During Officer Frisby's testimony on direct examination, she was asked how much knowledge or information she had about Reynolds. Officer Frisby stated that she was "familiar with his face and with him and also with his reputation *755 and his criminal record." Counsel for Reynolds objected immediately and moved for a mistrial. The trial court instructed the jury to disregard Officer Frisby's remark about record and reputation, and overruled the motion. The trial court later reiterated its instruction to disregard the statement from Officer Frisby as to the reputation or record of Reynolds. At the conclusion of the State's case, the mistrial motion was renewed by defense counsel on the basis of Frisby's remark as to the defendant's criminal record.
After the State rested and Reynolds was instructed as to his right not to testify, the defendant rested his case without any testimony. The jury returned with a verdict of guilty as charged. Reynolds was indicted as an habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1990) and as a second subsequent offender under Miss. Code Ann. § 41-29-147 (Supp. 1990). The defendant was found to be a recidivist under both statutes.
During sentencing, the trial court stated that it would "impose sentence as punishment to [Reynolds] and as a deterrent to those who would follow [his] path and ply [his] trade." Reynolds was given thirty (30) years for the current conviction and fifteen (15) additional years as an habitual offender under § 41-29-147, the sentences to run consecutively, for a total of forty-five (45) years.
Reynolds appeals and asserts as error: (1) that prejudicial error was committed when Officer Frisby testified about Reynolds' reputation and criminal record, (2) that the trial court committed error in refusing instruction D-2 offered by Reynolds, and (3) that the trial court erred by stating that it was sending a message to the community with the sentence to Reynolds.

II. DISCUSSION

A. Refusal to Grant Mistrial on the Basis of a Statement as to Reputation and Record
In his first assignment of error, Reynolds asserts that the trial court erred in refusing to grant his motion for mistrial, which was based on references to his reputation and criminal record. Rule 404(b) of the Mississippi Rules of Evidence makes such statements improper and inadmissible. Rule 5.15 of the Mississippi Uniform Criminal Rules of Circuit Court Practice provides that the trial court shall declare a mistrial on the motion of the defendant if there occurs an "error or legal defect in the proceeding, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." In accordance with the rule, this Court has held that an occurrence of any prejudicially inadmissible matter or misconduct before the jury, the damaging effect of which cannot be removed by admonition or instructions, necessitates a mistrial. Davis v. State, 530 So.2d 694, 697 (Miss. 1988).
The trial judge, who is in the best position to determine if a remark is truly prejudicial, is given considerable discretion to determine whether a remark creates irreparable prejudice necessitating a mistrial. Where the remark creates no irreparable prejudice, then the trial court should admonish the jury to disregard the improper remark. Roundtree v. State, 568 So.2d 1173, 1177 (Miss. 1990). Such remedial acts of the trial court are usually deemed sufficient to remove any prejudicial effect from the minds of the jurors. The jury is presumed to have followed the instructions of the trial court. Davis, 530 So.2d at 697.
In the instant case the trial judge, after objection by Reynolds, properly admonished the jury to disregard the reference to reputation and criminal record. The trial court did so a second time later. It is presumed that the jury follow these instructions.
The trial court did not err in refusing to grant the motion for mistrial.

B. Refusal of Instruction D-2
Where the jury is adequately instructed on reasonable doubt, it is not reversible error for the trial court to refuse to give a defense instruction on reasonable *756 doubt. Giles v. State, 501 So.2d 406, 409 (Miss. 1987); Simpson v. State, 497 So.2d 424 (Miss. 1986).
Reynolds asserts that the trial court committed error in refusing his proposed instruction D-2, which instructed the jury as to the a "reasonable doubt standard". Reynolds' proposed instruction stated:
The Court instructs the Jury that you are bound, in deliberating upon this case, to give the Defendant the benefit of every reasonable doubt of his guilt that arises out of the evidence or want of evidence in this case. Mere probability of guilt, however strong, will never warrant you in convicting the Defendant. It is only when on the whole evidence you are able to say on your oaths, beyond every reasonable doubt, that he is guilty, and that there is no other way to account for the evidence in the case than that he is guilty, that the law will permit you to find him guilty. You might be able to say you believe him to be guilty, and yet, if you are not able to say on your oaths, beyond every reasonable doubt, that he is guilty, it is your sworn duty by your verdict to say, "Not Guilty".
The State argues that the instruction was properly refused because it improperly defined "reasonable doubt". The trial court refused the instruction because it had already granted an instruction that informed the jury, either specifically or generally, of the "beyond a reasonable doubt" standard. This Court has examined the record and holds that the instructions adequately instructed the jury on this issue. Thus, the refusal of D-2 was not reversible error by the trial court.

C. Sentencing
Reynolds asserts that the trial court's reference to his sentence acting as a deterrent to others was error as it was contrary to the important function of rehabilitation and indicated that the trial court was not sentencing him individually.
The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute. Reed v. State, 536 So.2d 1336, 1339 (Miss. 1988), Boyington v. State, 389 So.2d 485 (Miss. 1980). In imposing sentence, the trial court may take into account larger societal concerns, as long as the sentence is particularized to the defendant. State v. Winston, 567 So.2d 1131, 1133 (La. 1990). Deterrence is a legitimate aspect of sentencing. United States v. Colemnares-Hernandez, 659 F.2d 39, 42 (5th Cir.1981). The mention of deterrence was not an abuse of the discretion given to trial courts in imposing sentence, as deterrence is a legitimate concern in sentencing. As for Reynolds' argument that the trial court erred in referring to a deterring effect on the community in sentencing him, the argument has no merit.
With reference to the sentence, the State "suggests" in its brief that the sentence is in need of correction. Reynolds was sentenced under Miss. Code Ann. § 41-29-139(b)(1) which provides:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, ... a controlled substance; ...
(b) Except as otherwise provided in subsection (f) of this section or in Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:
(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except one (1) ounce or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than one (1) ounce of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than One Thousand Dollars ($1,000.00) nor more than one Million Dollars ($1,000,000.00) or both;
Additionally, Reynolds was indicted as an habitual offender and found to be such at the sentencing hearing. As such, Reynolds was found to have been subject to an enhanced *757 sentence required by Miss. Code Ann. § 99-19-81, which states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Drug offenders for second and subsequent offenses are subject to a double enhancement sentence provided by Miss. Code Ann. § 41-19-147, as follows:
Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
The trial judge sentenced Reynolds to the maximum sentence of a term of thirty (30) years without parole under Miss. Code Ann. § 41-19-139(b)(1) and § 99-19-81. For the second offense under the drug violations, the trial judge sentenced Reynolds to an additional fifteen (15) years to run consecutively under Miss. Code Ann. § 41-29-147. The state "suggests" that the sentence is incorrect, citing Jones v. State, 523 So.2d 957, 959 (Miss. 1988). The Jones case, however, noted that double enhancement, although a proper legislative policy directive, must meet constitutional mandates under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Without a cross-appeal by the State on this issue, and with an opportunity to the appellant Reynolds to respond to a cross-appeal, this Court does not address this suggestion.
The conviction for sale of a controlled substance and sentence of forty-five (45) years is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., concurs as to sentence only.
McRAE, J., concurs as to result only.