No. 48,700

STATE OF KANSAS, *Appellee,* v. RONALD E. BERRY, *Appellant.*

(573 P.2d 584)

Opinion filed November 5, 1977.

*James W. Wilson,* of Wichita, argued the cause and *Ray Hodge* was with him on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Ronald E. Berry, was tried before a jury on three informations charging him with possession of heroin on January 17, 1975, possession of marijuana and heroin on June 29, 1975, and possession of heroin with intent to sell on May 21, 1975. The three separate cases were consolidated for trial over the objection of the defendant.

The defendant was acquitted of the charges stemming from the events of January 17, 1975, and convicted on the charges stemming from the events of May 21, 1975, and June 29, 1975.

Appellant contends that it was error for the court to consolidate the three cases for trial when they occurred at different intervals over a substantial period of time, which might lead the jury to preconceive that the defendant was in the business of selling heroin. Appellant also argues that possession of heroin and possession with intent to sell are not offenses of the same general character.

K.S.A. 22-3203 allows consolidation for trial of two or more

informations if the crimes could have been joined in a single information. K.S.A. 22-3202(1) establishes the conditions for joinder in a single information of multiple crimes:

"Two or more crimes may be charged against ·a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

In short, if the charges in the three informations were of the same or similar character, they could have been joined in a single information and, thus, consolidation of the informations would have been proper. (*State v. Ralls,* 213 Kan. 249, 515 P.2d 1205.)

In *State v. Wheeler,* 215 Kan. 94, 523 P.2d 722, the defendant was charged in three informations. The crimes alleged were three counts of sale of heroin and one count of possession of heroin. The informations were consolidated for trial. The consolidation was held proper by the supreme court because the offenses were "of like character." It follows that if sale and possession of heroin are similar offenses, then possession and possession with intent to sell must also be similar offenses. Appellant's argument that the time period from January 17, 1975, to June 29, 1975, was such a long period of time that the court should not have allowed consolidation as the jury might preconceive that the defendant was in the business of selling heroin is without merit. Consolidation of the three informations was within the provisions of the statute and did not constitute error.

Appellant next contends that it was error to submit to the jury the question of possession of heroin because the amounts received were unmeasurable and insufficient to be useable. This contention arises primarily out of the search at the Town House Motel on June 29, 1975. As a result of that search various items were seized, including a green plastic funnel, two metal funnels, a metal strainer, and a metal measuring spoon, all of which were admitted in evidence at the trial.

At trial a chemist for the State testified that he performed tests on the exhibits and found trace evidence of heroin on them. He testified that he made no attempt to quantitatively measure the trace amounts of heroin present on the exhibits, but that measurement could have been made by use of a process known as gas liquid chromatography.

At the conclusion of the state's evidence, the defendant moved for judgment of acquittal on the ground that the state had not proven that the substance identified by the chemist as heroin was of a measurable quantity. The court reserved judgment on the motion. At the conclusion of all the evidence, the defendant renewed his motion for judgment of acquittal on the same ground. The court denied the motion, ruling on the authority of *State v. Benson,* 207 Kan. 453, 485 P.2d 1266, that the quantity of heroin possessed by the defendant was not material to the charges.

On appeal the defendant argues that the trial court should have granted the motion for judgment of acquittal because the state allegedly failed to prove that the quantity of heroin was either measurable or useable.

Kansas has adopted the Uniform Controlled Substances Act, K.S.A. 1976 Supp., 65-4101, *et seq.,* and it should be noted that no provision of the Act requires that any specific quantity of heroin be possessed before the act of possession is unlawful.

The trial court relied upon *State v. Benson,* supra, as authority in denying the defendant's motion for judgment of acquittal. The defendant in the *Benson* case was charged with unlawful possession of marijuana under K.S.A. 65-2502, *et seq.,* the Uniform Narcotic Drug Act. The information alleged that the defendant possessed 31 grams of marijuana. At trial, the state's evidence was that part of the marijuana on which the charge was based weighed 9.085 grams and the other part was never weighed. On appeal, the defendant claimed that there was a variance between the information and the evidence regarding the quantity of marijuana and also argued that the state should have been required to elect between the two separate quantities of marijuana on which the charge was based. The supreme court rejected those claims, holding that the statute "does not require possession of any specific amount of marijuana to constitute a violation" and that the allegation regarding the weight of the marijuana "was surplusage." Although the *Benson* case arose in a different factual and legal context, the principle of that decision is applicable here.

Although the Kansas Supreme Court has not before addressed the question whether a measurable or useable amount of a controlled substance is necessary for conviction of possession, the great majority of federal and state jurisdictions that have faced

and resolved this question either under the Uniform Controlled Substances Act (1970) or the Uniform Narcotic Drug Act (1933) have held that any amount of a controlled substance is sufficient.

We are inclined to follow the majority rule and hold that proof of any amount of a controlled substance is sufficient to sustain a conviction for possession.

Appellant's final point is that the trial court committed error in not sustaining appellant's motion to suppress evidence obtained on May 21, 1975, at the Diamond Inn Motel.

At approximately 1:30 p.m. on May 21, 1975, detectives of the Wichita Police Department went to the Diamond Inn Motel in Wichita, Kansas, on a tip of suspicious activities in room 196. The officers began surveillance of the room from room 193 and during their watch they observed defendant enter the room. A few minutes later, they saw one Sherry Mathews leave the room and go to a bush growing 4 to 5 feet from the motel room door. She reached inside the bush and removed a plastic bag and returned to the room. Mathews came out of the motel room about 15 minutes later, put the bag back into the bush, walked to her car and drove away. She returned about 3:00 p.m.

At 3:30 p.m. Detectives Espinoza and Ralston walked to the bush in front of room 196 and looked into it. They saw a plastic bag in the bush that contained a dark green substance and several colored knotted balloons. The detectives then returned to room 193 to continue the surveillance.

At 6:30 p.m., Mathews, having previously returned, again left room 196 and drove from the area. At 7:00 p.m. Detective Espinoza walked to the bush in front of room 196, reached inside it and took possession of the plastic bag he had seen Mathews put in the bush. The record is not clear whether a search warrant had been issued at this time, although it appears that the trial court found it had been issued. It is conceded that, if issued, it had not been delivered to the officers.

The officers removed a portion of the contents of the bag, consisting of knotted balloons with a powder inside, later identified as heroin. They then returned the bag and part of its contents to the bush and again took up surveillance from room 193. Mathews returned and about 7:45 p.m. again came out of the room, took something from the bush and returned to room 196. The officers then executed the search warrant on room 196 and

recovered balloons containing heroin, a large amount of currency and certain paraphernalia used to mix and package heroin. They also took possession of the remaining contents in the bush. Defendant was arrested at that time.

Appellant argues that the evidence removed from the bush by the officers should have been suppressed because the search warrant either had not been issued or was not in the hands of the officers, and that as the bush was within the curtilage of the motel room it could not be searched without the issuance and service of a search warrant. (*State v. Ogden,* 210 Kan. 510, 502 P.2d 654.)

The bush from which the evidence was removed was a part of the general landscaping of the motel complex and was not under the control of the defendant by reason of his occupancy of room 196. The bush was open to public view and access and the defendant had no basis for any reasonable expectation of privacy in the bush and the removal of the contents by the officers did not constitute an illegal search under any theory of the appellant. (*Patler v. Slayton,* 503 F.2d 472 (4th Cir. 1974); *Atwell v. United States,* 414 F.2d 136 (5th Cir. 1969.)

The decision is affirmed.