498 So.2d 384 (1986)
Furman HAMPTON
v.
STATE of Mississippi.
No. 55971.
Supreme Court of Mississippi.
November 26, 1986.
*385 Guy M. Walker, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Furman Hampton appeals from his conviction in the circuit court of the Second Judicial District of Jones County of possession of pentazocine, in violation the Uniform Controlled Substances Law of 1971, a sentence of three years, and a $3,000 fine. Finding no error, we affirm.

FACTS
On February 12, 1983, shortly before midnight, Hampton was driving a Toyota automobile that had only one headlight burning. When Laurel Police Officer Jimmy Gardner signaled the car to pull over, Hampton stopped the car and got out. As he did so, Gardner noticed him staggering and acting disoriented as though he was intoxicated. Gardner asked Hampton if he would agree to a portable breath test, which Hampton agreed to and also told the officer he had been drinking, a fact apparent to the officer from Hampton's breath.
Gardner patted Hampton down, as he testified at trial, "for his protection," and in doing so felt a syringe in Hampton's coat. He noticed some clear liquid in the syringe. He handcuffed Hampton and took him to the sheriff's office.
Gardner testified that during this episode, without his having asked Hampton any questions (other than would he take the breath test):
He smiled and made a statement that there was nothing in the syringe that we could use against him because he had already used it all.
Hampton was indicted by the grand jury on September 20, 1983.
Forensic analysis of the contents of the syringe revealed it contained pentazocine, commonly known as Talwin, a Schedule II controlled substance. See Miss. Code Ann. § 41-29-115(A)(d)(6) and 41-29-139(c)(1) (Supp. 1985). In order to test the contents, the liquid had to be diluted by methanol and the entire substance was consumed in making the laboratory analysis.
Prior to trial Hampton filed a motion to quash and dismiss his indictment on the grounds that (1) there was an insufficient quantity of the substance to constitute an offense and (2) double jeopardy since he had been convicted of possession of drug paraphernalia in justice court in that county. The only evidence offered of Hampton's having been convicted of possession of drug paraphernalia was Attorney Carl Forward, who had represented him for *386 speeding, running stop signs, red lights and failing to yield to a blue light, in addition to the possession of paraphernalia. There is nothing in this record to show that the charge of possession of paraphernalia was identical with the possession of the syringe at the time Hampton was stopped by Officer Gardner. The circuit judge overruled the motion to quash and dismiss the indictment.
Following presentation of the evidence during closing argument, the district attorney made the following statement to the jury: "Furman Hampton told you he used it all," at which the defense counsel objected and requested the court to instruct the jury to disregard the remark of the State, which the circuit judge overruled and denied a motion for a mistrial.
Hampton appeals from his conviction.

LAW
Hampton claims on appeal that the circuit judge should have sustained his objection and motion for mistrial because of the district attorney stating during closing argument: "Furman Hampton told you he used it all." Hampton claims this was a comment upon his failure to testify at trial. We do not deem it such. It was a manner of the district attorney's commenting upon Hampton's admission to the officer. It was proper comment for closing argument. See: Nelms and Blum Co. v. Fink, 159 Miss. 372, 131 So. 817, 820 (1930); Peterson v. State, 242 So.2d 420, 427 (Miss. 1970).
Hampton next argues that the fact the state laboratory used the entire amount of the Talwin in making its test deprived him of an independent analysis, and therefore the test results should not have been admitted into evidence. There is no merit to this assignment: Poole v. State, 291 So.2d 723 (Miss. 1974); Jackson v. State, 243 So.2d 396 (Miss. 1970).
Hampton strongly argues also that there was an insufficient amount of Talwin found in his possession to constitute a crime.
The pertinent portions of the statute under which Hampton was charged read:
§ 41-29-139. Prohibited acts A; penalties.
(c) It is unlawful for any person knowingly or intentionally to possess any controlled substance .. . [Emphasis added]
* * * * * *
Any person who violates this subsection with respect to:
(1) A controlled substance classified in schedule I or II, as set out in sections 41-29-113 and 41-29-115, except marihuana, is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years, or fined not more than thirty thousand dollars ($30,000.00) or both;
Pentazocine is a schedule II controlled substance. Miss. Code Ann. § 41-29-115(A)(d)(6) (Supp. 1985).
It is to be noted the statute requires no minimum amount in order to constitute a crime. There are authorities which hold that possession of a mere trace of proscribed drugs do not constitute a crime. See: People v. Leal, 64 Cal.2d 504, 50 Cal. Rptr. 777, 413 P.2d 665 (1966); People v. Theel, 180 Colo. 348, 505 P.2d 964 (1973); Greer v. Texas, 163 Tex.Cr.R. 377, 292 S.W.2d 122 (1956). The weight of, and in in our view the better reasoned authorities, however, hold any identifiable amount, however slight, constitute a crime. See State v. Berry, 223 Kan. 102, 573 P.2d 584 (1977) (majority of jurisdictions under Uniform Act hold any amount sufficient). See also: Moreau v. State, 588 P.2d 275 (Alaska 1978); Judd v. State, 482 P.2d 273, 280 (Alaska 1971); Frasher v. State, 8 Md. App. 439, 260 A.2d 656 (1970).
Moreover, in this case we are not confined to the Talwin that was found in the syringe, because that coupled with Hampton's boast when he was arrested that he had "used it all," evidence possession of a greater amount. Unfortunately for Hampton, his loquacity chose a singularly inopportune time to blossom.
Finally, Hampton argues his conviction resulted from an unconstitutional violation *387 of the double jeopardy provisions of our State and United States Constitutions. He claims that in a justice court trial he was convicted of possession of illegal drug paraphernalia, which barred his subsequent prosecution under Miss. Code Ann. § 41-29-139(c)(1) (Supp. 1985). Possession of illegal drug paraphernalia is an entirely different statute, Miss. Code Ann. § 41-29-139(d)(1) (Supp. 1985). This assignment is without merit, in any event, because Hampton offered no proof in this record that any alleged conviction for possession of illegal drug paraphernalia was the identical offense with Hampton's possession when arrested by Officer Gardner. Indeed, he offered no court records of any kind showing proof of his "conviction."
Accordingly, the defendant's conviction and sentence is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.