(927 P.2d 949)

No. 76,505

STATE OF KANSAS, *Appellant*, v. CHARLES W. MCMILLIN and DEBRA SUE BROWER, *Appellees*.

Opinion filed November 22, 1996.

*Thomas R. Stanton*, assistant county attorney, *Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Richard M. Blackwell*, of Blackwell, Blackwell & Struble, Chtd., of Salina, and *Rene S. Young*, of Denning and Young, LLC, of Salina, for appellees.

Before ROYSE, P.J., GREEN, J., and DAVID J. KING, District Judge, assigned.

ROYSE, J.: Charles W. McMillin and Debra Sue Brower were charged with a variety of drug offenses after a police dog "alerted" on McMillin's automobile. The district court held the dog sniff of the vehicle was an unconstitutional search and seizure and suppressed the evidence of drugs. The State appeals pursuant to K.S.A. 22-3603.

The undisputed facts may be summarized as follows: On January 14, 1996, Deputy Jackson noticed a white Buick bearing Arizona license plates in the parking lot of a Motel 6 in Salina. The car

belonged to Charles W. McMillin, who had rented a room at the motel. Deputy Jackson noticed loose clothing in the back seat of the vehicle and several fast food wrappers lying on the floorboard of the car. Deputy Jackson contacted Officer Cox and asked Cox to bring a narcotics dog to check the exterior of the car.

A few hours later, Officer Cox arrived and walked a trained narcotics dog around McMillin's car. The dog "alerted" behind the driver's side rear door.

After determining that the car belonged to McMillin, the officers contacted McMillin and obtained permission to search his car and his motel room. In the car trunk the officers found a duffel bag containing 30 pounds of marijuana. In the motel room Deputy Jackson found several marijuana buds and a marijuana smoking pipe. McMillin told the officers the marijuana and the paraphernalia belonged to him, that he had paid $10,000 for the marijuana and still owed $7,000 for it, and that he intended to deliver the drugs to friends.

The officers also spoke with Debra Brower, who was sharing McMillin's motel room. She admitted she was aware of the marijuana in the motel room, but denied any knowledge of the marijuana found in the car.

The State charged McMillin with possession of marijuana with intent to sell, possession of marijuana without tax stamps affixed, and possession of cocaine. In addition, McMillin and Brower were each charged on misdemeanor counts of possession of marijuana and possession of paraphernalia. After a hearing, the district court granted the defendants' motions to suppress evidence and ruled that the actions of the officers constituted an unreasonable search and seizure contrary to the United States and Kansas Constitutions.

"When the facts material to a decision of the court on a motion to suppress evidence are not in dispute, the question of whether to suppress becomes a question of law. An appellate court's scope of review on questions of law is unlimited." *State v. Anderson,* 259 Kan. 16, Syl. ¶ 2, 910 P.2d 180 (1996).

Section 15 of the Bill of Rights of the Kansas Constitution is identical in scope to the Fourth Amendment to the United States Constitution. Both prohibit unreasonable searches and seizures of

persons and property. *City of Overland Park v. Niewald*, 20 Kan. App. 2d 909, 911, 893 P.2d 848, *aff'd as modified* 258 Kan. 679, 907 P.2d 885 (1995). The district court held the officers' actions constituted an unreasonable search and seizure because the officers possessed no "sensible, articulable reason" to engage a narcotics dog in a sniff of the exterior of McMillin's vehicle.

The threshold issue in this case is whether the dog sniff of McMillin's vehicle amounted to a search or seizure as contemplated by the Constitutions. "A search occurs when a reasonable expectation of privacy is infringed upon, while a seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *State v. Daly*, 14 Kan. App. 2d 310, Syl. ¶ 5, 789 P.2d 1203, *rev. denied* 246 Kan. 769 (1990).

Both the United States Supreme Court and the Kansas Supreme Court have held the use of a narcotics dog does not constitute a search within the meaning of the Fourth Amendment.

In *United States v. Place*, 462 U.S. 696, 77 L. Ed. 2d 110, 103 S. Ct. 2637 (1983), the Supreme Court held the use of a narcotics drug to sniff defendant's luggage at an airport did not constitute a "search" within the meaning of the Fourth Amendment. In explaining its holding, the Court stated:

"A 'canine sniff' by a well-trained narcotics detection dog, however, does not require opening the luggage. It does not expose noncontraband items that otherwise would remain hidden from public view, as does, for example, an officer's rummaging through the contents of the luggage. Thus, the manner in which information is obtained through this investigative technique is much less intrusive than a typical search. Moreover, the sniff discloses only the presence or absence of narcotics, a contraband item. Thus, despite the fact that the sniff tells the authorities something about the contents of the luggage, the information obtained is limited. This limited disclosure also ensures that the owner of the property is not subjected to the embarrassment and inconvenience entailed in less discriminate and more intrusive investigative methods.

"In these respects, the canine sniff is *sui generis*. We are aware of no other investigative procedure that is so limited both in the manner in which the information is obtained and in the content of the information revealed by the procedure. Therefore, we conclude that the particular course of investigation that the agents intended to pursue here—exposure of respondent's luggage, which was

located in a public place, to a trained canine—did not constitute a 'search' within the meaning of the Fourth Amendment." 462 U.S. at 707.

In *State v. Barker*, 252 Kan. 949, 850 P.2d 885 (1993), the Kansas Supreme Court considered the constitutionality of a dog sniff conducted while an automobile was stopped in a traffic checklane. One officer conducted a preliminary breath test of the defendant, while another officer walked a narcotics dog around the defendant's car. The dog "alerted" and the police recovered marijuana from the car. The Kansas Supreme Court concluded: "There is ample support for concluding that a drug dog's sniff of the exterior of a vehicle is not a search for the purposes of the Fourth Amendment." 252 Kan. at 957.

The appellees argue *Place* and *Barker* are distinguishable because the holdings in those cases were "made in the context of a dog sniff while the defendant was lawfully detained." McMillan and Brower point out that in this case the police did not detain them in order to obtain the dog sniff of the car. This argument is not persuasive.

Appellees' argument confuses search and seizure issues and misconstrues the holdings in *Place* and *Barker.* As the 10th Circuit explained in *U.S. v. Morales-Zamora*, 914 F.2d 200, 204 (10th Cir. 1990):

> "*Place* analyzed whether a canine sniff was a 'search' independently from the question of whether the detention of the luggage based on reasonable suspicion was justifiable under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). It was only *after* the Court found that a canine sniff was *not* a search, that the Court turned its attention to whether the 90-minute seizure of the luggage based on reasonable suspicion of drug-related activity satisfied *Terry.*"

Similarly, in *Barker* the court noted that a dog sniff is not a search before it addressed the defendant's contention that the duration of his detention exceeded its lawful scope. In other words, *Place* and *Barker* treat the dog sniff and the seizure issues separately; they do not require that police detain a defendant before conducting a legitimate dog sniff.

McMillin also argues that *Place* is distinguishable because the search here occurred in the parking lot of a motel where he had rented a room. He claims he had a legitimate expectation of pri-

vacy, although it is not clear whether he claims an expectation of privacy in the parking lot or in his car. In either event, his argument is without merit.

The Supreme Court addressed a similar privacy claim in *State v. Berry*, 223 Kan. 102, 573 P.2d 584 (1977). In *Berry*, police officers saw a woman leave a motel room, walk to a bush growing 4 to 5 feet from the door, and remove a plastic bag. She later replaced the bag in the bush.

After she left the premises, the officers examined the contents of the bag and saw a dark green substance and several colored knotted balloons. The officers later saw the woman repeat her movements: leave the motel room, take something from the bush, and return to her motel room.

The officers executed a search warrant on the motel room and recovered balloons containing heroin, large amounts of cash, and certain paraphernalia used to mix and package heroin. They also took possession of the items remaining in the bush. Berry was arrested at that time.

Berry argued the evidence removed from the bush should be suppressed, because the bush was part of the curtilage of the motel room. The Supreme Court rejected his argument:

"The bush from which the evidence was removed was a part of the general landscaping of the motel complex and was not under the control of the defendant by reason of his occupancy of room 196. The bush was open to public view and access and the defendant had no basis for any reasonable expectation of privacy in the bush and the removal of the contents by the officers did not constitute an illegal search under any theory of the appellant." 223 Kan. at 106.

To paraphrase *Berry*, the parking lot where McMillin left his car was part of the motel complex. It did not come under his control by virtue of his occupancy of his room. The parking lot was open to public view, and McMillin certainly had no authority to exclude others from the lot. McMillin had no basis for any reasonable expectation of privacy in the parking lot.

McMillin seeks to avoid the implications of *Berry* by pointing out that the police searched his privately owned vehicle, not a part of the motel landscape. This contention is also unavailing. The record in this case shows that the police conducted an exterior dog

sniff of the car. Both the United States Supreme Court and the Kansas Supreme Court have concluded an individual has no reasonable expectation of privacy in the exterior of a car parked in a public lot. *Cardwell v. Lewis*, 417 U.S. 583, 591, 41 L. Ed. 2d 325, 94 S. Ct. 2464 (1974); *State v. Skelton*, 247 Kan. 34, 46, 795 P.2d 349 (1990); see also *U.S. v. Morales-Zamora*, 914 F.2d at 205 (reasonable expectation of privacy does not extend to airspace containing incriminating odor of narcotics which surrounds vehicle).

For all the foregoing reasons, the dog sniff of McMillin's car did not constitute a search as contemplated by the Constitutions.

Nor is there any basis for concluding that the dog sniff of McMillin's car amounted to a seizure under the Constitutions. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. *Daly*, 14 Kan. App. 2d at 317. In *Daly*, the court concluded Daly's possessory interests in a package were minimal because Daly had surrendered control of the item to Federal Express, a common carrier. Moreover, the officer's actions in that case caused no significant delay in delivery of the package or infringement on travel interests. 14 Kan. App. 2d at 319.

In this case, the dog sniff of McMillin's car did not interfere with his possessory interests. The officers walked a drug dog around the outside of the car. They did not intrude into the interior of the car or deprive McMillin of his possession or use of the car while walking the drug dog around the car. They conducted their search of the interior of the car only after McMillin voluntarily handed the keys of the car to Deputy Jackson. Because the dog sniff of the vehicle did not cause meaningful interference with McMillin's possessory interests, it was not a seizure as contemplated by the Constitutions.

Because the dog sniff did not constitute a search or a seizure, the officers were not required to show reasonable suspicion before conducting the dog sniff of McMillin's vehicle. See *U.S. v. Germosen-Garcia*, 712 F. Supp. 862 (D. Kan. 1989); *Daly*, 14 Kan. App. 2d at 319.

Reversed and remanded for further proceedings.