760 So.2d 862 (2000)
Derrick WILSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00930-COA.
Court of Appeals of Mississippi.
May 30, 2000.
*863 Derrick Wilson, Appellant, pro se.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Derrick Wilson, after entering guilty pleas to three different indictments, one of which contained two separate felony counts, was sentenced by the trial court to forty-five years of incarceration. Wilson thereafter filed a motion for post-conviction relief in which he alleged that he did not receive effective representation of counsel as guaranteed him by the Sixth Amendment. His complaint was that his attorney persuaded him to plead guilty by assuring him that he would receive a maximum sentence of ten years when, as it turned out, he received three ten year sentences and one fifteen year sentence, all to run consecutively.
¶ 2. Wilson's motion was denied without a hearing and Wilson has appealed that decision. He urges on appeal that, at the least, he was entitled to an evidentiary hearing that would give him the opportunity to convince the trial court that he was duped into pleading guilty by his attorney's false or incorrect representations concerning the severity of his punishment.
¶ 3. Insofar as Wilson's petition reveals, the only evidence that his guilty plea was extracted from him based on a misstatement of what his sentence would be was Wilson's own unsubstantiated assertion to that effect. The transcript of the plea acceptance hearing shows that the trial court inquired in some depth of Wilson as to his understanding of his plea to ensure that he appreciated the fact that, by pleading guilty, he was exposing himself to the possibility of receiving the maximum sentence authorized by law. *864 Specifically, the trial court said directly to Wilson:
And in your case, Mr. Wilson, the Judge could impose the maximum sentence in each case under each count and make those sentences consecutive, do you understand that? In other words one would follow the other, do you understand that?
Wilson's response to that inquiry from the trial court was a simple and straightforward, "Yes, sir."
¶ 4. The statute creating an inmate's right to seek post-conviction relief does not require an evidentiary hearing in all cases. See generally Miss.Code Ann. § 99-39-11(2) and § 99-39-19(2). When there are potentially disputed issues of fact that would, if proven to exist, entitle the movant to relief, the mere assertion by the movant of the existence of those facts does not automatically entitle the movant to a hearing. Rather, as to those facts that may be the subject of legitimate dispute, the movant is required, by affidavit or otherwise, to demonstrate that there is, in actuality, competent evidence available tending to establish those facts that would entitle the movant to some form of relief. Miss.Code Ann. § 99-39-5(1)(e)(Supp.1999); Smith v. State, 490 So.2d 860 (Miss.1986).
¶ 5. When the prima facie showing that is a necessary prerequisite to an evidentiary hearing consists solely of the assertions of the movant himself, the trial court may disregard such assertions when they are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt. Fielder v. State, 749 So.2d 1248, (¶ 12 & 15) (Miss.Ct.App.1999).
¶ 6. There can be little doubt that the record of the plea acceptance hearing substantially contradicts Wilson's assertion that he entered his plea based on an understanding that the maximum sentence he would receive in exchange for a guilty plea would be ten years. If, in fact, Wilson held such a belief based on some earlier representation by his attorney and this was the driving force in Wilson's decision to enter a plea of guilty, then his remedy was to speak out at the plea acceptance hearing when the trial court informed him differently. It simply cannot be disputed that the trial court plainly informed Wilson that, by pleading guilty, he was putting his freedom at risk for a period that substantially exceeded the ten years he claims his attorney told him. In the face of the trial court's firm warning to Wilson of the extent of his jeopardy, Wilson could not reasonably assume that his maximum sentence was something substantially less than the maximum possible sentence available under the law.
¶ 7. If a movant could, at a later date, successfully contradict his own assertions made under oath at his plea acceptance hearing, then there would be no purpose in conducting the hearing at all. "Truth" would become an illusory concept meaning nothing more than what the declarant asserted it to be at any particular point in time. While the post-conviction relief statute provides an important safeguard to a prisoner ill-used by the criminal justice system, it is not a proceeding in which the record of the prisoner's prior dealings with the court may be ignored simply because the prisoner now claims that he said one thing while actually meaning something else.
¶ 8. In this case, the trial court did not err when it ruled that Wilson was not entitled to an evidentiary hearing to prove that his secret understanding of his potential jeopardy upon entering a guilty plea was at odds with what he represented to the court he understood it to be.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
*865 KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.