761 So.2d 931 (2000)
Jerry MATTHEWS a/k/a Jerry Andrew Matthews, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01194-COA.
Court of Appeals of Mississippi.
June 6, 2000.
*932 Jerry Matthews, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. Ray Matthews appeals the denial of his motion for post-conviction relief. On appeal Matthews presents the following issues
I. WHETHER THE TRIAL COURT ERRED BY ACCEPTING HIS GUILTY PLEA TO POSSESSION OF A CONTROLLED SUBSTANCE WHEN THE MOST HE COULD BE GUILTY OF WAS POSSESSION OF PARAPHERNALIA?
II. WHETHER TRIAL COUNSEL WAS INEFFECTIVE?
III. WHETHER HE WAS ARRESTED WITHOUT A WARRANT AND ANY EFFECT IT WOULD HAVE UPON HIS GUILTY PLEA?
¶ 2. We find that his arguments are without merit, and thus we affirm.

FACTS
¶ 3. The grand jury of DeSoto County, Mississippi, indicted Matthews on two counts of possession of a controlled substance, heroin and cocaine. Matthews entered a plea of guilty on June 23, 1996 to the charge of possession of heroin. Matthews was sentenced to serve three years, with credit for the time already served, the balance of the time to be suspended. He was placed on probation with conditions of reporting to a supervising probation officer, payment of supervision fees, and participation in a drug rehabilitation program. Matthews violated the conditions, and the court revoked his probation.
¶ 4. Matthews filed a post-conviction relief motion which was dismissed by the lower court.

*933 LEGAL ANALYSIS

I.

WHETHER THE TRIAL COURT ERRED BY ACCEPTING HIS GUILTY PLEA TO POSSESSION OF A CONTROLLED SUBSTANCE WHEN THE MOST HE COULD BE GUILTY OF WAS POSSESSION OF PARAPHERNALIA?
¶ 5. Matthews claims the lower court erred by accepting his guilty plea to possession of a controlled substance because he was only guilty of possession of paraphernalia.
¶ 6. A bottle cap was taken from Matthews and sent to the crime laboratory, it was tested and found to contain residue of heroin. The law in Mississippi is that any identifiable amount of a controlled substance, however slight, is sufficient to support a conviction for possession of a controlled substance. Hampton v. State, 498 So.2d 384, 386 (Miss.1986). "[T]he statute requires no minimum amount in order to constitute a crime." Carroll v. State, 755 So.2d 483 (¶ 5) (Miss. Ct.App.1999) (quoting Hampton, 498 So.2d at 386). There is no requirement that the State prove that Matthews had a particular quantity of a controlled substance. Any quantity of a controlled substance, sufficient to permit analysis, is enough. The analysis of the bottle cap taken from Matthews identified heroin residue and this result provided sufficient basis for conviction of possession of a controlled substance. This issue has no merit.

II.

WHETHER TRIAL COUNSEL WAS INEFFECTIVE?
¶ 7. Matthews claims trial counsel was ineffective because he should have recognized that he could only be guilty of possession of paraphernalia. He also claims trial counsel failed to advise him on the maximum and minimum punishment for possession.
¶ 8. To prevail on the issue of whether defense counsel's performance was ineffective Matthews is required to show "that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes." Martin v. State, 749 So.2d 375 (¶ 6) (Miss.Ct.App. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "This test `applies to challenges to guilty pleas based on ineffective assistance of counsel.'" Martin, 749 So.2d at 377 (¶ 6) (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
¶ 9. As stated in the above issue, Matthews was clearly guilty of possession of a controlled substance; therefore, trial counsel committed no error in that instance.
¶ 10. Contrary to Matthews's assertion in his submitted brief, the plea petition clearly shows that Matthews was advised that three years was the maximum sentence and there is no minimum for possession of a controlled substance. Also, the transcript of the plea colloquy directly refutes Matthews's assertion that he was not told the maximum or minimum. At the guilty plea hearing conducted on June 23, 1997, the circuit judge advised Matthews that he could sentence him between three years and give a $30,000 fine and that there was no minimum. The clear conflict between the claim for post-conviction relief invalidates the allegations Matthews has made in his motion. Matthews failed to show that counsel's performance was deficient or he was prejudiced thereby.

III.

WHETHER HE WAS ARRESTED WITHOUT A WARRANT AND ANY EFFECT IT WOULD HAVE UPON HIS GUILTY PLEA?
¶ 11. Matthews argues that he was arrested without a warrant and no charges were filed. He also claims that he was arrested without probable cause.
*934 ¶ 12. "A valid guilty plea ... operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Fielder v. State, 749 So.2d 1248 (¶ 4) (Miss.Ct.App.1999) (quoting Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). A voluntary and intelligent plea waives all defects allegedly occurring before the defendant enters the plea with the exception of subject matter jurisdiction. Matthews's guilty plea waived any defect with his arrest.
¶ 13. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.