784 So.2d 985 (2001)
David Lee SIMMONS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00593-COA.
Court of Appeals of Mississippi.
April 24, 2001.
*986 David Simmons, Appellant, Pro Se.
Office of the Attorney General by Scott Stuart, Jackson, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, and MYERS, JJ.

PROCEDURAL HISTORY AND FACTS
PAYNE, J., for the Court:
¶ 1. David Lee Simmons was charged on Count I for sale of cocaine and on Count II for conspiracy to sell cocaine. Simmons pled guilty before a Lee County Circuit Court judge and was sentenced on Count I to serve twenty years in the custody of the Mississippi Department of Corrections, said sentence to be suspended while Simmons participated in the Intensive Supervision Program/House Arrest Program (ISP). He was also ordered to pay a $5,000 fine, court costs, and $975 restitution to the Mississippi Bureau of Narcotics. The court then suspended $4,000 of the fine. On Count II, Simmons was sentenced to serve twenty years in MDOC, said sentence to be suspended pending Simmons's completion in the ISP, as described in his sentence for Count I.
¶ 2. Simmons did not successfully complete the ISP, and he was transferred to jail. He subsequently filed a motion for post-conviction relief, but such relief was denied. He now appeals to this Court.
¶ 3. The facts of this case are not at issue. Simmons claims that procedural errors, though, worked to deny him the post-conviction relief he was due. Relevant information concerning the procedural history of this case is further developed in the discussion of the issues. Finding no reversible error, we affirm.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 4. With this appeal, appellant David Lee Simmons raises the following issues:
I. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING;
II. WHETHER OR NOT THE TRIAL JUDGE ERRED BECAUSE HE FAILED TO ADVISE SIMMONS OF THE MAXIMUM AND MINIMUM SENTENCES HE FACED;
III. WHETHER THE TRIAL JUDGE ERRED IN ALLOWING THE INDICTMENT TO BE AMENDED.
¶ 5. With Simmons's first issue, we look to case law for a determination of our standard of reviewing a trial court's decision *987 whether or not to grant an evidentiary hearing.
In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. We will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous.
Secondly, we must address the issue of when an evidentiary hearing is required... In regards [sic] to evidentiary hearings, the Post Conviction Collateral Relief Act reads: (1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require. Miss. Code Ann. § 99-39-19(1) (Rev.1994). Clearly, the trial court is not required to grant an evidentiary hearing on every petition it entertains. More specifically, the Act states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Supp.1999).
McMillian v. State, 774 So.2d 454 (¶¶ 5-6) (Miss.Ct.App.2000).
¶ 6. Simmons's second issue concerns whether or not he knowingly entered his guilty plea, since he claims he had not been informed as to the sentencing guidelines for his crime.
The question of whether a plea was voluntarily and knowingly made is a question of fact. [The defendant] bears the burden of proving by a preponderance of the evidence that he is entitled to relief... If the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent."
Davis v. State, 758 So.2d 463 (¶¶ 6-7) (Miss.Ct.App.2000) (citations omitted).
¶ 7. Simmons's third issue alleges that the indictment was improperly amended. "[T]his Court conducts de novo review on questions of law. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." Peterson v. State, 671 So.2d 647, 652 (Miss.1996) (citations omitted).

DISCUSSION OF THE ISSUES PRESENTED

I. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING.
¶ 8. Simmons argues that he pled guilty because he understood that if he failed to complete the ISP successfully, he would only receive one year in jail. Looking to the transcript, regarding Count I (possession of cocaine), the judge asked Simmons, "Do you understand the maximum sentence is 30 years in the custody of the Mississippi Department of Corrections, maximum fine is one million dollars, minimum fine is $5,000, plus court cost and lab fees, if any, do you understand that?" Simmons replied, "Yes Sir." Regarding Count II (conspiracy), the judge asked Simmons, "You understand the maximum sentence is a term of 20 years, maximum fine is five hundred thousand dollars, plus court cost on that particular charge?" Simmons replied, "Yes, sir." Under oath, Simmons told the judge he did commit both of these offenses.
*988 ¶ 9. One of this Court's recent cases involved this same issue. In Wilson v. State, 760 So.2d 862 (Miss.Ct.App.2000), the defendant claimed on appeal that he was entitled to an evidentiary hearing because he was coerced into pleading guilty. Similar to Wilson, the only evidence submitted tending to show that Simmons's guilty plea was extracted based on a misstatement of what his sentence would be was Simmons's own unsubstantiated assertion to that effect. As previously described, the transcript of the plea hearing shows that the trial court questioned Simmons extensively concerning whether he understood his plea. This was done to ensure that Simmons appreciated the fact that, by pleading guilty, he was exposing himself to the possibility of receiving the maximum sentence authorized by law. The Wilson court pointed out:
The statute creating an inmate's right to seek postconviction relief does not require an evidentiary hearing in all cases. See generally Miss.Code Ann. § 99-39-11(2) and § 99-39-19(2). When there are potentially disputed issues of fact that would, if proven to exist, entitle the movant to relief, the mere assertion by the movant of the existence of those facts does not automatically entitle the movant to a hearing. Rather, as to those facts that may be the subject of legitimate dispute, the movant is required, by affidavit or otherwise, to demonstrate that there is, in actuality, competent evidence available tending to establish those facts that would entitle the movant to some form of relief.

Wilson, 760 So.2d at (¶ 4) (citations omitted) (emphasis added). Additionally, as is true in the present case:
When the prima facie showing that is a necessary prerequisite to an evidentiary hearing consists solely of the assertions of the movant himself, the trial court may disregard such assertions when they are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt.
Wilson, 760 So.2d 862 at (¶ 5) (citations omitted) (emphasis added). Simmons has presented no evidence beyond his mere assertions, and the trial transcript accurately reflects the judge's thorough effort to apprize Simmons of the ramifications of his pleading guilty. No evidence exists to show that the judge or Simmons's attorney misled Simmons into thinking the maximum sentence would be anything other than what the law allows. Simmons does point out that, at one point in his hearing, he told the judge he did not understand the charge against him of conspiracy and that he did not know what was going on when he was arrested. However, the judge examined Simmons to test his understanding of the charge, then recessed to allow Simmons to confer with his attorney, and then questioned Simmons once again about his part in the conspiracy. At that point, Simmons admitted he was guilty of the charge, and he later affirmed that he was satisfied with his attorney's performance in representing him. In accordance with Wilson and the code sections cited herein, Simmons was not entitled to an evidentiary hearing, and this issue is without merit.

II. WHETHER OR NOT THE TRIAL JUDGE ERRED BECAUSE HE FAILED TO ADVISE SIMMONS OF THE MAXIMUM AND MINIMUM SENTENCES HE FACED.
¶ 10. With this issue, Simmons argues that he was not advised concerning the maximum and minimum sentences he faced. Looking to the transcript, the following colloquy took place between the judge and Simmons:

*989 Q: Mr. Simmons, Count I of your indictment, an order has been entered reducing that charge from sell to possession with intent to sell, transfer or distribute cocaine. It is now alleged, as amended, that in Lee County, Mississippi, on the 4th day of June, 1997, you and two others feloniously possessed cocaine with intent to sell, transfer or distribute. Do you understand that charge?
A: Yes, sir.
Q: Did you in fact commit that offense?
A: Yes, sir.
Q: Do you understand the maximum sentence is 30 years in the custody of the Mississippi Department of Corrections, minimum fine is $5,000, plus court cost and lab fees, if any, do you understand that?
A: Yes, sir.
Q: And in Count II of this indictment, it is alleged that you and Terry Simmons and Pamela Hagans in Lee County, Mississippi, on the 4th day of June, 1997, feloniously conspired each with the other to commit the crime of conspiracy to sell, transfer and distribute cocaine to Agent Henry Brown, in that you did agree, plan and conspire to sell, transfer or distribute a quantity of cocaine. Do you understand that charge?
A: Yes, sir.
[pause in proceedings to allow Simmons to confer with his attorney]
Q: All right, sir. You understand the maximum sentence is a term of 20 years, maximum fine is five hundred thousand dollars, plus court cost on that particular charge?
A: Yes, sir.
¶ 11. The judge then asked whether Simmons's attorney had discussed the charges carefully with Simmons, had advised him of his constitutional rights and had informed him of the consequences of his decision to plead guilty. The attorney affirmed he had done this and stated he felt Simmons understood his advice and that Simmons freely and voluntarily entered his guilty plea. Simmons also told the judge he felt his attorney had properly advised him before he entered his plea.
¶ 12. Count I charged Simmons with sale of cocaine. The applicable statute reads:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance....
(b) Except as otherwise provided in subsections (f) and (g) of this section or in Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows....
(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except one (1) ounce or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than one (1) ounce of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both; ....
Miss.Code Ann. § 41-29-139 (Rev.2000) (emphasis added). Count II charges Simmons with conspiracy. The applicable statute addresses punishment if two or more persons conspire to commit a crime:

*990 Provided, that where the crime conspired to be committed is capital murder or murder as defined by law or is a violation of section 41-29-139(b)(1) or section 41-29-139(c)(2)(D), Mississippi Code of 1972, being provisions of the Uniform Controlled Substances Law, the offense shall be punishable by a fine of not more than five hundred thousand dollars ($500,000.00) or by imprisonment for not more than twenty (20) years, or by both.
Miss.Code Ann. § 97-1-1 (Rev.2000) (emphasis added). Though § 41-29-139 does cite a minimum fine, neither of these two statutes lists a minimum prison sentence for each crime. Accordingly, as described in the previously cited excerpts from the guilty plea hearing, the judge fully informed Simmons of the statutory sentencing guidelines cited above for each of the two crimes with which he was charged. There is no error here.

III. WHETHER THE TRIAL JUDGE ERRED IN ALLOWING THE INDICTMENT TO BE AMENDED.
¶ 13. Simmons argues that the trial court improperly allowed his indictment to be amended. Looking to the transcript, no such amendment was made. In the indictment, Simmons was charged on Count I with selling cocaine and on Count II with conspiracy to sell. The judge allowed Simmons to plead down on Count I from sale to possession with intent to sell, a lesser offense, both offenses being included in Miss.Code Ann. § 41-29-139(a) (Rev.2000).
¶ 14. Reviewing the dialogue between the judge and Simmons, the judge stated, "Mr. Simmons, Count I of your indictment, an order has been entered reducing that crime from sell [sic] to possession with intent to sell, transfer or distribute cocaine. It is now alleged, as amended, that in Lee County, Mississippi, on the 4th day of June, 1997, you and two others feloniously possessed cocaine with intent to sell, transfer or distribute. Do you understand that charge?" Simmons responded that he did understand the charge.
¶ 15. "A valid guilty plea ... operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Matthews v. State, 761 So.2d 931 (¶ 12) (Miss.Ct.App.2000). The question concerning whether or not the supposed amendment was proper or whether possession with intent to distribute is indeed a lesser offense of sale is of no matter in this situationthe judge explained the charge to Simmons and, by knowingly pleading guilty, he admitted that he committed the offense. Consequently, this issue has no merit.

CONCLUSION
¶ 16. For the reasons set forth herein, we affirm the decision of the Lee County Circuit Court denying post-conviction relief.
¶ 17. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.