KING, P.J.,
for the court.
¶ 1. Harvey Lenoir appeals the dismissal of his second request for post-conviction relief in the Monroe County Circuit Court. On appeal, Lenoir claims his indictment was defective, that he received ineffective assistance of counsel, and that he entered an, involuntary plea. Upon review of the record, this Court finds that Lenoir’s petition for post-conviction relief is a successive writ and, therefore, is procedurally barred.
FACTS
¶ 2. On September 22, 1997, Lenoir was indicted on a third count of driving while under the influence of alcohol. On June 15, 1998, Lenoir pled guilty and was sentenced to five years in the custody of the Mississippi Department of Corrections. This sentence was suspended for five years, during which time, he was to be on supervised probation. On November 25, 1998, Lenoir was arrested by the Aberdeen Police Department for driving under the influence of alcohol. A field sobriety exercise was conducted which indicated that Lenoir was intoxicated. Lenoir was then given an intoxilzer test and the result established his blood alcohol content of .105%, was in excess of the legal limit of .10%. No charges were filed as a result of the November 1998 incident.
¶ 3. On January 29, 1999, a probation revocation hearing was held. The trial court revoked Lenoir’s probation and required that he serve five years in the custody of the Mississippi Department of Corrections. On June 14, 1999, Lenoir filed a motion for post-conviction relief. On August 27, 1999, Lenoir wrote a letter *463 to the circuit court to inquire why he was in jail, rather than on probation.
¶ 4. After review of Lenoir’s post-conviction relief motion, the circuit court denied relief on August 27, 1999. On September 21, 1999, Lenoir filed a motion to show cause, which sought to have his probationary status reinstated. On June 12, 2000, the circuit court dismissed Lenoir’s motion to show cause as a second post-conviction relief motion, barred as a successive writ and without merit. On August 21, 2000, Lenoir filed a writ of habeas corpus with the Mississippi Supreme Court. Lenoir’s writ of habeas corpus appealed the circuit court’s denial of his motion to show cause for the revocation of his probation. The Mississippi Supreme Court dismissed Lenoir’s request for a writ of habeas corpus, but allowed Lenoir’s appeal to “raise his issues concerning the revocation of his probation ... if appropriate.”
RESOLUTION OF ISSUES
¶ 5. Mississippi Code Annotated Section 99-39-23 (Supp.2001) provides that successive post-conviction relief motions are barred. The procedural bar to a second or a successive writ may be overcome if the petitioner can demonstrate that at least one of the exceptions in Section 99-39-5(2) is applicable to him. The exceptions are (1) an intervening judicial precedent from the United States Supreme Court or the Mississippi Supreme Court, (2) newly discovered evidence not reasonably discoverable at the time of trial, and (3) expiration of the sentence or unlawful revocation of probation or parole. Miss.Code Ann. Section 99-39-23 (Supp.2001).
¶ 6. Lenoir’s initial post-conviction relief motion alleged that his indictment was defective, that he received ineffective assistance of counsel and that his plea of guilty was involuntarily made.
¶ 7. The Court notes that a valid plea “operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant ... [and] waives all defects allegedly occurring before the defendant enters the plea with the exception of subject matter jurisdiction.” Matthews v. State, 761 So.2d 931(¶ 12) (Miss.Ct.App.2000). Accordingly, we look first to determine whether Lenoir’s plea of guilty was made knowingly and voluntarily. There is nothing in the record presented to this Court, other than Lenoir’s naked assertion, to indicate that his plea was anything other than voluntary. His assertion standing alone is insufficient to hold that the plea was involuntarily made. Ford v. State, 708 So.2d 73(¶ 17) (Miss.1998). The same holds true for his claim of ineffective assistance of counsel. However, even were Lenoir to offer more than his bare assertion, he is obligated to (1) show that counsel’s actions were deficient and (2) the outcome of his case would have been different but for counsel’s fadings. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Marks v. State, 532 So.2d 976, 978 (Miss.1988). This he has not done. Lenoir claims that the indictment did not properly charge him with a third offense DUI. That allegation is inconsistent with the indictment as shown in the record. The indictment charges a present DUI and identifies two prior DUIs which occurred within five years of this offense. That is all that is required. Mississippi Code Annotated Section 63 — 11—30(2)(b) (Supp.2000).
¶ 8. While constructed in terms of a show cause order, Lenoir’s action is by its very nature a second and subsequent request for post-conviction relief, and is therefore barred under the provisions of Section 99-39-23(6) of the Mississippi Code Annotated.
*464 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.